GEORGE A. HILL *vs.* LUCIUS G. GOODRICH, SHERIFF.

A debtor was decoyed by false pretenses from the state of Massachusetts, where he resided, into this state, for the purpose of being sued by the creditor here. On his arrival his body was attached in the suit. Held that the whole proceeding was a fraud upon the debtor, of which the creditor could take no benefit, and the debtor was discharged on a writ of habeas corpus.

HABEAS. CORPUS, before *Ellsworth, J.,* in chambers, September 24, 1858. The case is sufficiently stated in the opinion.

ELLSWORTH, J. There are questions of fact to be decided on which the questions of law arise. First to dispose of these.

It is claimed on the part of the petitioner that he was decoyed from Boston, in the state of Massachusetts, where he resides, to the city of Hartford ; and that he was so decoyed by pretenses which are admitted to have been false, namely, by means of two anonymous letters informing him that a Mr. Sanford at Hartford had something of interest for him to know, which would be communicated to him if he came on. On the part of the plaintiff in the attachment, and those connected with the proceeding, it is claimed that all they did was to ascertain when he was coming to Hartford, not to make him come.

Now as to the matter of fact I have not a particle of doubt.

---
Hill *v.* Goodrich.
---

Hill has sworn that he came to Hartford in consequence of these letters and should not have come without; that he came on no other business and at much inconvenience. One of the letters is in the handwriting of Wallace, who with Callender was in the employ of George R. Curtis, the real plaintiff. Wallace and Callender I have no doubt understood all about the matter. They were both at the railroad station when Hill arrived and pointed him out to the officer. I have no doubt then that Hill was allured to Hartford by these letters.

The next question is, who is the author of the plot, and who are responsible for it. There can be no doubt that Wallace and Callender were concerned in it. Callender directed the officer to make the arrest. He wrote the officer also. He was a clerk of George R. Curtis, and in writing the officer signed the letter " Callender, for G. R. Curtis."

So as to George R. Curtis, who is said to have been absent, and who is stated to be the real plaintiff suing in the name of Joseph S. Curtis. He was acting through his agent Callender. He is also going into court with his suit claiming the benefit of the attachment. In legal effect George R. Curtis is involved in the combination.

Hill then was decoyed into this state by Wallace, Callender and George R. Curtis, for the purpose of being sued by Curtis.

I must suppose that the claim against Hill is a valid one. I can not on this inquiry go into that question.

Was he then legally attached in the suit?

On the part of the creditor it is said that he and those acting with him simply decoyed Hill into the state of Connecticut; that this is nothing illegal, no offense; that they merely held out a bait which he took; that he need not have taken it.

On the part of Hill it is said, that they have by false pretenses brought him from his home, and put him to expense and loss of time, and all by falsehood; and that now they are trying to get the benefit of their fraud.

It is admitted by the creditor that if he had actually arrested Hill in Boston and brought him here and then served the writ on him, the service would have been void. The authorities are full and decisive on this point. It is also admitted that

if a person is secure in his house the door can not be broken open and his goods attached. And it has been held in the state of New York, that where one is brought by a requisition into a state and there served with a writ the service is void. The reason is, that where one gets possession of a person by a breach of the law the arrest shall not be legal. A right over a person or property can not be acquired where it rests upon a breach of the law.

It is claimed that where a creditor induces a debtor to open his door and thus a sheriff gets admission to his castle, the arrest is good. I have great doubt about this. At any rate the law is clear that violence may not be used for such a purpose.

But they say they have not used violence ; they have only decoyed.

In a case in Tyler's Reports a debtor was decoyed from the state of Vermont into that of New York, and there sued on a debt barred by the statute of limitations in Vermont. When he got back to Vermont he sued the parties that had decoyed him and recovered. And I think the decision rests upon high principles of justice.

A like case was decided by Judge Thompson in the United States circuit court.

The principle of these cases is this. No person has a right thus to decoy another from one place to another to his injury. It is a deceit, and deceit and damage are always a good ground of action. It has been so held ever since the case of *Pasley* v. *Freeman*, in 3d Term Reports. It was in this case some damage to Hill—the expense of coming—the loss of time ; and if he were to sue for damages he could certainly recover. I leave the fact that he was arrested on his arrival wholly out of the case. Suppose two men combine to send a man to Europe after an estate, and it is all a deception. Can he not recover damages for it ? I can not entertain any doubt upon the point.

It comes then to this, whether a man may be allured by fraud from his own state to another jurisdiction, and there be sued. I think he can not be. You can not do a wrong and

on that build a right. It is so laid down in Hawkins and in Chitty on Criminal Law.

It is the same thing in principle as if Hill had been brought here by force.

Combination to do a thing which is unlawful, but not in itself indictable, is indictable.

I think that, if there was no combination, but a single creditor should write to a debtor in another state and by a fraud get him into the state, he would be liable in damages; and that if there was a combination for the purpose it would be a crime.

My mind fluctuated somewhat in the early part of the trial, but when I considered the case more fully I became very decided in my present view.

My judgment is that Mr. Hill is detained without law or right and that he be discharged.

NOTE.—The foregoing case is inserted here as being one of uncommon interest. The opinion was delivered orally, but full notes were taken by the reporter.