M. L. HIGGINS *vs.* BENJAMIN BEVERIDGE.

June 3, 1886.

**Justice of the Peace—Jurisdiction in Minneapolis.**—Under Sp. Laws 1885, *c.* 74, justices of the peace acquire no jurisdiction over parties served with process within the city of Minneapolis.

**Same—Special Appearance.**—Neither the presence in court of a party so served, nor his special appearance by answer denying the jurisdiction of the court, is sufficient to confer jurisdiction to proceed in a cause and render judgment against him.

Plaintiff brought this action before a justice of the peace in Hennepin county, and the summons was served personally on the defendant in the city of Minneapolis. On the return-day the defendant appeared specially, filed an answer pleading want of jurisdiction of the justice, and moved to dismiss. The motion was denied and judgment entered for plaintiff, the defendant having offered no evidence. Defendant appealed to the district court upon questions of law alone, where the judgment was affirmed by *Lochren*, J. Defendant appeals from the judgment of the district court.

*Davenport & Thian*, for appellant.

*Lane & Dodge*, for respondent.

VANDERBURGH, J. 1. The justice acquired no jurisdiction over the defendant by the service of the summons upon him within the city of Minneapolis. *Burke* v. *St. Paul, M. & M. Ry. Co.*, ante, p. 172; This fact appeared by the return of the officer.

2. The appearance of the defendant was special only, for the purpose of objecting to the jurisdiction of the magistrate. The record shows that the defendant "appeared specially for the purpose of raising the question as to the jurisdiction of the court over the person of the defendant, and to that end filed his answer, duly verified, and moves the court that the action be dismissed for want of jurisdiction, which motion was overruled." As it already appeared that the justice acquired no jurisdiction by virtue of the process, it should be made to appear affirmatively, in order to support the subsequent proceedings, that the defendant thereafter submitted to the jurisdiction of the court. But the evidence relied on to show this is his objection, submitted in writing in the form of a special plea or answer, denying the jurisdiction, and setting up the fact of the service of the summons within the city as the sole matter pleaded. As this already sufficiently appeared by the officer's return, and was part of the record, it was unnecessary to prove it; and a party cannot be deemed to submit to the jurisdiction of a court by the mere act of denying its jurisdiction. *Avery* v. *Slack*, 17 Wend. 85; *Sullivan* v. *Frazee*, 4 Rob. 616. The record of the justice also shows that on the adjourned day when the case was tried the "parties were present." This indicates nothing more than that the defendant or his attorney was present in court. It is not to be inferred therefrom that the defendant took part in the trial or appeared in the cause. *Fanning* v. *Trowbridge*, 5 Hill, 428.

The justice had no jurisdiction, and the judgment must be reversed.