### BLANDIN v. OSTRANDER.

(Circuit Court of Appeals, Second Circuit. January 9, 1917.)

#### No. 92.

1. PROCESS ⬥⟶149—DISTRICT FOR BRINGING SUIT—SERVICE—FRAUD—EVIDENCE.

On motion to set aside the service of a summons for fraud, evidence *held* to show that defendant was induced by a friend of plaintiff to come into district of plaintiff's residence, so that plaintiff might serve him there, by false representations that the friend desired to meet defendant on business.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 202–205.]

2. PROCESS ⬥⟶65—FRAUD—LIABILITY OF PRINCIPAL FOR FRAUD OF AGENT.

Where plaintiff expected a friend to give him assistance in procuring service on defendant in the district of plaintiff's residence, he is responsible for the fraud of the friend in procuring defendant's presence, though he did not know that fraud was employed.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 51.]

3. PROCESS ⬥⟶61—DISTRICT FOR BRINGING SUIT—SERVICE—FRAUD—"FOUND WITHIN THE DISTRICT."

A party enticed by false representations by plaintiff, or one acting in his behalf, to enter the district for the purpose of making service upon him, cannot be said to be "found within the district."

[Ed. Note.—For other cases, see Process, Cent. Dig. § 69.]

4. PROCESS ⬥⟶166—DEFECTS—WAIVER OF OBJECTION—FRAUD.

The objection to the court's want of jurisdiction, because of the fraud by which defendant was brought into the district for service, is not

---

⬥⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

waived by defendant going to trial on the merits, especially when a bill of exceptions was prepared explicitly covering the refusal of the court to set aside the service.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 250–255.]

In Error to the District Court of the United States for the Northern District of New York.

Action by George N. Ostrander against Amos N. Blandin. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions to set aside the service of the writ.

See, also, 211 Fed. 733.

Writ of error to review a judgment entered in the District Court for the Northern District of New York, in favor of Ostrander, who was plaintiff below, and against Blandin, in an action to recover commissions as broker upon the sale of certain timber standing on lands in the state of Vermont.

Hermon E. Eddy and Clarke C. Fitts, both of Brattleboro, Vt., and Joseph B. McCormick, of Granville, N. Y., for plaintiff in error.

Edward M. Angell, of Glens Falls, N. Y., for defendant in error.

Before COXE, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge. This action was tried, and plaintiff had a verdict, after defendant had moved to set aside service of summons, on the ground that he (a citizen and resident of New Hampshire) had by fraud and trick been induced to come within the state and Northern district of New York, in order that service might be effected. The motion was denied by the trial judge and exception duly taken.

[1] Though Blandin lived in New Hampshire, his business was at Wilmington, Vt., where through divers corporations he controlled or was much interested in certain timber lands. Ostrander wished to bring this action to recover a brokerage upon a sale to the Rich Lumber Company of some land, or of the lumber thereon standing, by a corporation in which Blandin was prominent; it being further alleged that the latter had lawfully assumed responsibility for the commission demanded.

One Hanley was superintendent for the Rich Lumber Company, a friend of Ostrander, and a resident of Albany, where the plaintiff maintains an office for the practice of law. Some months after the Rich Company had closed its purchase from the Blandin interests, Hanley telephoned Ostrander from Manchester, Vt., that he (Hanley) had made an engagement with Blandin for the following day at the Rensselaer Hotel in Troy. Ostrander said he was obliged for the information, and would send a man to serve Blandin. Service was made accordingly, and it is admitted that all this was done pursuant to an antecedent agreement on Hanley's part to let Ostrander know when and where he could find Blandin within New York.

There is conflict as to why, or upon what inducement, Blandin went to the hotel in Troy, when he did; but the evidence is to us very clear. That he went there to meet Hanley is admitted; that Hanley wrote and telegraphed to him from Manchester, Vt., asking an appointment for the place, day, and approximate hour of service is not denied, for

Hanley contents himself with saying that he and Blandin "met by appointment," while Blandin gives the particulars.

The latter, however, adds that Hanley had given him as a reason for the Troy meeting that the representative of a manufacturing establishment in want of hardwood lumber would be in Troy, and wished to meet Blandin. Having been served almost as soon as he arrived at the hotel, Blandin met Hanley, who said that the man whom Blandin was to meet was one Ventres, of Port Allegheny, Pa., who had just telegraphed that it was impossible to keep the appointment. Blandin deposes that he had no other reason for going to Troy except to meet Ventres, at Hanley's suggestion. Ventres swears that he never had any appointment to meet Blandin, nor any suggestion for such appointment from Hanley.

Hanley's version is that he wanted to see Blandin on behalf of his employer, the Rich Company, and for that purpose alone suggested the Troy rendezvous; a meeting place easy for Blandin, who was on his way to Rutland, Vt., and "it was convenient for him to stop at Troy overnight and take the morning train for Rutland." But Hanley does not say or suggest whence Blandin started for Rutland, nor deny that he communicated with Blandin from Manchester, Vt., on the day before service; Blandin being then at or near Wilmington. Nor does he explain why (if he made no engagement for Ventres) he telegraphed Blandin, "*We* will meet you" at the hotel in Troy on the day of service. The use of the plural is inexplicable, if Hanley tells the truth, while his statement (of course, denied by Blandin) that the latter was en route to Rutland is absurd. A trip from anywhere near Wilmington to Rutland, via Troy, is a serious tax upon credulity.

We find that Hanley falsely pretended a desire on the part of Ventres to see Blandin in Troy and on business, that Hanley did this in order to enable his friend Ostrander to sue in the latter's home jurisdiction, and that Blandin was thereby induced to go to Troy, when he otherwise would not have done so. It may be true that Hanley did wish to talk to Blandin about the timber lands of the Rich Company, but it is not true that he asked Blandin to come to Troy for that purpose.

[2] There is no evidence tending to show that Ostrander knew or suggested the means employed by Hanley to inveigle Blandin within the jurisdiction. But this is immaterial, for it is admitted that he expected assistance from Hanley in advising him regarding Blandin's whereabouts, and he thereby assumed responsibility for Hanley's methods.

[3] The law on this subject is familiar, though happily not often invoked. A party found within the jurisdiction may, of course, be there served; "but it cannot be said that he was so found there, if he was inveigled or enticed into the district for the purpose of making * * * service upon him, by false representations and deceitful contrivances of the plaintiff in the suit, or by any one acting in his behalf." Per Clifford, J., in Union Sugar Refinery v. Mathiesson, Fed. Cas. No. 14,397, 2 Cliff. 304, cited in Re Johnson, 167 U. S. at page 126, 17 Sup. Ct. 735, 42 L. Ed. 103. See also Olean, etc., Co. v. Fair-

mount, etc., Co., 55 App. Div. 292, 67 N. Y. Supp. 165, citing Metcalf v. Clark, 41 Barb. (N. Y.) 45, a case especially applicable.

[4] The ultimate question here presented is one of jurisdiction, for no jurisdiction can be permitted to rest upon a fraudulent service. The general rule, applicable here, is that defendant did not waive his objection by going to trial on the merits (Foster, etc., Co. v. Chinn, 202 Fed. at page 177, 122 C. C. A. 577, and cases cited), especially when (as here) a bill of exceptions was prepared covering explicitly the refusal of the court to set aside the service of summons. The practice below was that approved in Commercial, etc., Co. v. Davis, 213 U. S. 245, 29 Sup. Ct. 445, 53 L. Ed. 782. We have no doubt of our jurisdiction to consider the point raised under Boston & Maine R. R. Co. v. Gokey, 210 U. S. at page 161, 28 Sup. Ct. 657, 52 L. Ed. 1002; a decision the more in point, because the jurisdictional point there considered was of the "alleged defective service" of a writ; there can be no more serious defect in the service of process than fraud.

We conclude that the trial court, and indeed no court, ever obtained jurisdiction of Blandin in this litigation, and it is therefore ordered that the judgment be reversed, and the cause remanded, with directions to the lower court to set aside the service of the writ.

⬤—For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes