Siro *v.* American Express Co.

---

RODELLI SIRO *vs.* AMERICAN EXPRESS COMPANY.

First Judicial District, Hartford, March Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

While a court in this State will not exercise a jurisdiction which rests upon a service of process, touching either person or property, effected by fraud or deceit for which the plaintiff is responsible, it cannot properly refuse to entertain jurisdiction if the plaintiff, whatever his motive or purpose, has done nothing more than he had a clear legal right to do in creating the situation in which the defendant may be effectively served.

The defendant express company sold travelers checks through its agents in this State and the plaintiff, who had a bona fide claim against the company which it refused to pay, purchased through his attorney $600 worth of these checks from a local bank, one of the express company's agents, and at once garnisheed the money in the hands of such agent in a suit against the company. In so doing the plaintiff intended to create a debt from the bank to the defendant which might be attached by garnishee process, and thus bring the defendant within the jurisdiction of the court to which the writ was returnable. *Held* that inasmuch as no false representation, contrivance or device was used by the plaintiff, nor any change in the location of property was induced by word or act upon his part, and as no relationship existed between the parties which required the plaintiff to declare the motive or purpose of

his purchase, there was no abuse of civil process, and therefore the trial court erred in refusing, upon that ground, to exercise its jurisdiction.

Argued March 7th—decided June 1st, 1923.

ACTION in the nature of conversion for money entrusted to the defendant for transmission to Italy, brought to the Court of Common Pleas in Hartford County, where the defendant filed a plea in abatement to the writ upon the alleged ground that its service had been obtained by fraudulent and improper means; the court, *Dickenson J.*, found the facts, sustained the plea and abated the writ, and from this judgment the plaintiff appealed. *Error and cause remanded.*

The complaint set out that the defendant is a corporation organized under the laws of the State of New York and carrying on in this State the business of receiving and transmitting money to foreign countries; that the plaintiff had given to the defendant's agent in its office in New Britain a sum of money to be transmitted to a person in Italy; that the defendant had not transmitted this money to such person, and had refused, though often requested, to transmit it or to return it to the plaintiff, but had converted it to its own use. In the plea to the jurisdiction of the court, and in the finding of the trial court, appear these facts: At the date of the service of the writ in this suit, the defendant was not a resident of this State, and no personal service was made upon it. Through its agents in this State it was then, and had for some time been, offering for sale and selling negotiable instruments called travelers' checks upon which it made a small profit which it divided with its agents. Its agent in Hartford was the United States Bank, which made it a part of its business to offer and to sell the defendant's travelers' checks. On the day the writ was served,

at the request of the plaintiff's attorneys, a lawyer who occupied offices in common with them and who had previously acted for the plaintiff in negotiations concerning his claim against the defendant, went to the United States Bank and in the usual course of business bought $620 worth of these travelers' checks at the regular price and terms. He did not state why he desired them, and the bank officials asked no question except whether he intended to use them in this country or abroad, to which he answered that he expected to use them in this country. Immediately after the lawyer bought the checks and went out of the bank, a deputy sheriff, in accordance with a plan previously made by the plaintiff's attorneys, served process of foreign attachment upon the bank as the agent and debtor of the defendant, and being asked, the bank disclosed that it was then indebted to the defendant. Money sufficient to buy these checks was supplied by the plaintiff's attorneys to the lawyer who was acting at their request, but he gave his own certified check in payment for them. Soon afterward he signed them in the manner required and deposited them in another bank to the credit of the plaintiff's attorneys. In making this purchase of these checks, it was the intention of the plaintiff's attorneys to create a debt from the United States Bank to the defendant which might be attached by process of foreign attachment, and thus to bring the defendant within the jurisdiction of the court to which this suit was returnable. The garnishee had no knowledge of this intention. It did not appear that either the defendant or the garnishee had offered to return to anyone any of the money paid for the checks. The service of the writ was in all respects in accordance with the statutory requirements for attaching an indebtedness due from a resident bank to a nonresident defendant.

*Ralph O. Wells* and. *John P. Harbison,* for the appellant (plaintiff).

*Lawrence A. Howard* and *Austin D. Barney,* for the appellee (defendant).

BURPEE, J.   Upon the facts found, the court below reached the conclusion that the conduct of the plaintiff "constituted an improper scheme or device for obtaining jurisdiction over the defendant," and that "this device was an abuse of process."   For that reason it sustained the plea to the jurisdiction.

It is the law of this State that in a civil case the court will not exercise a jurisdiction which rests upon a service of process on a defendant who has been decoyed, enticed or induced to come within its reach by any false representation, deceitful contrivance or wrongful device for which the plaintiff is responsible. "You cannot do a wrong," said JUDGE ELLSWORTH, in *Hill* v. *Goodrich,* 32 Conn. 588, 590, "and on that build a right." *Hamden* v. *Collins,* 85 Conn. 327, 333, 82 Atl. 636.   This principle has been declared generally by the courts of the United States and of Great Britain, and applied as well to the defendant's property as to his person.   15 Corpus Juris, 800; 7 R. C. L. 1040; Ann. Cases, 1916C, 608; *Sweet* v. *Kimball,* 166 Mass. 332, 44 N. E. 243; *Crandall* v. *Trowbridge,* 170 Iowa, 155, 150 N. W. 669; *Blandin* v. *Ostrander,* 152 C. C. A. 534, 536, 239 Fed. 700, 702; *Rosencranz* v. *Swofford Bros. Dry Goods Co.,* 175 Mo. 518, 531, 75 S. W. 445.

It should be noted, however, that in each of these cases distinctly appears the fact that the representation, contrivance, or device of the plaintiff, directly caused the defendant to change his location or that of his property, and to move himself or it from a place

without the jurisdiction of the court into the place in which the process was served. Thus, in *Hill* v. *Goodrich*, 32 Conn. 588, it was shown that the defendant was decoyed from his residence in Massachusetts to Hartford by means of letters stating that someone in Hartford had something of importance which he would communicate to him in that city, and he came to Hartford in consequence of these letters and had no other business there. Substantially the same facts are found in the recent case of *Blandin* v. *Ostrander*, 152 C. C. A. 534, 239 Fed. 700, in which they are made the reason for the same ruling. So in *Wood* v. *Wood*, 78 Ky. 624, the creditor's representation that the debtor "could make a profit" by bringing his horse and wagon from the State of Tennessee, in which it was exempt from attachment, into the State of Kentucky, in which it could be attached, was believed and acted upon by the debtor; and it was held that this representation, whether true or false, was the means by which the debtor was induced to bring his property from outside into the jurisdiction in which it was attached, and therefore it conferred upon the court no jurisdiction to render judgment in the action. In each of the cases decided in Alabama, Iowa, Michigan, Minnesota and Tennessee, and cited in 15 Corpus Juris, 800, this principle was applied to similar facts. In the leading and most frequently quoted case, *Union Sugar Refinery* v. *Mathieson*, 2 Cliff. (U. S.) 304, 309, Fed. Cases, No. 14,397, the language of the court expressly limits the application of this rule to a person, "residing in another jurisdiction," who has been "inveigled, enticed, and induced to come into the district where the plaintiff resides." Indeed, the counsel for the defendant recognize this limitation; they say in their brief that "all the cases show that the plaintiff's taking an active part in bringing a

*res* of the defendant within a jurisdiction for the sole purpose of attachment or garnishment, without acquiescence on the part of the defendant with full knowledge of that purpose, is a sufficient ground for the court's refusal to take jurisdiction."

In the present case the facts do not show that this plaintiff, by any word or conduct, induced the defendant to bring, or took an active part in bringing, its property within the jurisdiction of the court. The defendant had been engaged in the business of selling travelers' checks to the public, for a profit, through its agents in this State. To its agent in Hartford, it had sent some of these checks to be offered and sold to anyone who would buy at the regular price and terms. In this conduct and transaction it had not been influenced in any way by the plaintiff. To him, the defendant offered to sell property which was already in Hartford, and the plaintiff's only act or word was in acceptance of the offer and payment of the price demanded. In carrying on its business in this manner the defendant voluntarily had subjected itself and its property to whatever risks and consequences such transactions might create or involve. By its own acts and request the money paid for the checks was placed in the possession of its agent in Hartford. *Case* v. *Smith, Lineaweaver & Co.*, 152 Fed. Rep. 730. In these particulars the present case differs essentially from those in which the device to secure service has been held to be an abuse of process.

We know of no legal or equitable obligation which bound the plaintiff, when he accepted the defendant's proposition to buy the travelers' checks and leave the purchase money with its agent, to reveal his intention to attach the money immediately. It must be admitted that he had a legal right to buy and pay for the checks in response to the defendant's request and

in the regular course of its business. The intention or motive which induced him to exercise his right are of no importance. *Fisher, Brown & Co.* v. *Fielding,* 67 Conn. 91, 106, 37 Atl. 714. There was no relationship between the plaintiff and the defendant which imposed upon the plaintiff any duty to disclose his purpose. The one was only a buyer and the other only a seller in an ordinary sale of property. Whatever might have been the effect of an active misstatement by the plaintiff in such circumstances, his mere silence was not deceitful. The suppression of a fact is not false representation in all circumstances. *Watertown Savings Bank* v. *Mattoon,* 78 Conn. 388, 393, 62 Atl. 622. The fact suppressed must be one which is material to the contract of sale and which the person suppressing was bound in good faith to disclose. "Mere silence is quite different from concealment." *Stewart* v. *Wyoming Cattle Ranch Co.,* 128 U. S. 383, 388, 9 Sup. Ct. 101; *Coaks* v. *Boswell,* L. R. 11 App. Cas. 232; 26 Corpus Juris, 1069; 35 Cyc. 75. The plaintiff's act to create a debt due to the defendant from its agent was not wrongful nor improper in itself; it was something which the defendant had solicited him to do and which was necessarily a part of the transaction proposed by the defendant. It was not fraud nor deceit to be silent about his intention subsequently to attach the defendant's property in the hands of the agent with whom the defendant had invited him to place it. *Royal Remedy & Extract Co.* v. *Gregory Grocer Co.,* 90 Mo. App. 53; *Hart* v. *Seymour,* 147 Ill. 598, 35 N. E. 246.

We find nothing in the conduct of the plaintiff which should be regarded in law as a breach of faith with the defendant, or as a false representation or deceitful contrivance, and nothing by which the defendant was enticed or induced to bring its property within the

jurisdiction of the courts of this State. Indeed, it seems that the court below did not reach its conclusions by a different interpretation of the law; for it held only that the plaintiff's "scheme or device for obtaining jurisdiction over the defendant" was "improper" and "an abuse of process." For the reasons we have stated, we think that conclusion is not supported by the facts of the case. Moreover, however the plaintiff's conduct should be characterized, it manifestly did not constitute an effective device or means by which the property of the defendant was brought within the reach of the process of foreign attachment served in this case.

The defendant has not been oppressed or seriously harmed by the retention of its money in the hands of its agent. It has not lost it and will not, unless it fail to prove, in an impartial trial, that it did not receive or did not wrongfully retain money belonging to the plaintiff; and in that event its loss would be approved by justice. If the defendant has a good defense to the plaintiff's suit it should rather welcome its determination by a judicial tribunal than seek to avoid or postpone the issue by a technicality. Its plea to the jurisdiction is not adapted to appeal persuasively to the equitable powers of the court.

There is error, and the cause is remanded to be proceeding with according to law.

In this opinion the other judges concurred.