## SUHAY (SUKAY) v. WHITING.

Common Pleas Court, Cuyahoga County.

No. 603772.   Decided January 31, 1950.

Harrison, Thomas, Spangenberg & Hull, Craig Spangenberg, Cleveland, for plaintiff.
William M. Byrnes, Cleveland, for defendant.

### OPINION

By HANNA, J.

This case is before the Court on the motion of the defendant to quash service of summons made upon him by the Sheriff of Cuyahoga County.

From the pleadings and the evidence adduced at the hearing on the motion to quash service of summons it appears that on the 14th day of July, 1945, in Geauga County, Ohio, an automobile owned by Steve Suhay and operated by Steve Suhay, Jr., collided with a truck owned by Mollie Bolek and operated by Harlow Whiting and in said collision Steve Suhay,

Sr., sustained injuries resulting in his death and Steve Suhay, Jr., received injuries to his person. Mary Suhay was appointed by the Probate Court of Geauga County as administratrix of the estate of Steve Suhay, Sr. Steve Suhay, Jr., Mary Suhay, the administratrix, Mollie Bolek and Harlow Whiting are residents of Geauga County, as was Steve Suhay, Sr., at the time of his death. Several days prior to the filing of this action in this court a representative of the office of plaintiff's counsel visited Harlow Whiting at his sand pit in Geauga County and contracted with him for the purchase of five loads of gravel and the delivery of the gravel upon property in Cuyahoga County owned by Marvin C. Harrison, of counsel for the plaintiff.

This action was filed on June 21, 1949, and summons issued for service upon the defendant. On June 23rd the defendant Whiting made delivery of three loads of gravel to the premises owned by Harrison. As he completed the delivery of the third load, he started to leave the premises with the empty truck, when he was hailed by John P. Guarnera, a deputy sheriff of Cuyahoga County. After identifying the driver of the truck as Whiting—the deputy sheriff attempted service of the writ upon him.

There are two branches to the motion: The first, directed to the physical aspect of the service, claims that there was no "legal, valid or proper" service of the writ upon the person of the defendant; the second claims that at the time service upon him was attempted the defendant, a non-resident of Cuyahoga County, had been lured into this county for the purpose of effecting service.

Upon consideration of all the evidence offered, the issue presented by the first branch of the motion is resolved in favor of the plaintiff, the Court being of the opinion that the defendant has not sustained the burden of proving his contention that the writ never touched his person, and that service upon him therefore was not effected.

In its deliberation upon the issue raised by the second branch of defendant's motion the Court has had the benefit of the briefs of counsel and has made not inconsiderable research of its own, conducted as the demands of presiding in a trial room have permitted.

Of necessity we considered the question of venue. In modern phraseology venue means the place, whether it be county or district, wherein a cause is to be tried. It differs entirely from the ancient meaning of the word when the jury was constituted of witnesses to prove or disprove the allegations of the litigants who were presumed to have per-

sonal knowledge of the parties as well as of the facts. Under the historical English Common Law a jury could not try a matter arising in another county and an action could be brought only in the county wherein the cause of action arose. With the gradual change in the jury system this rule was relaxed and modified particularly with reference to transitory actions as distinguished from local actions. Today in most jurisdictions the venue of actions is wholly regulated by statute, as it is in this State.

However, many of the rules and principles which obtained at common law must have been considered by the Legislature of Ohio when it enacted the statutory provisions with respect of venue and service of summons. We can well imaginé that the lawmakers considered the principle of "forum domicilii" as well as that of "forum conveniens."

Both plaintiff and defendant are residents of Geauga County. The collision between the motor vehicles out of which this litigation arises occurred in Geauga County. When we consider access to source of proof, availability of compulsory process for the attendance of unwilling witnesses, the possibility of a requested view of the premises and all other practical problems that make trial of a lawsuit easy, expeditious and inexpensive, it readily appears that Geauga County is the "forum conveniens" for the trial of this action.

It is provided, inter alia, in §11277 GC, that * * *

"* * * every other action (this action does not fall within the exception so as to be included in the term 'other') must be brought in the county in which a defendant resides or may be summoned * * *."

This specific reference to residence, along with other provisions for service (e. g., mail service) recognizes the validity of service at a defendant's residence and reflects the legislative intent that actions should normally be brought in the county of defendant's domicile.

Sec. 11277 GC, appears to give consideration to the common law rule of "forum domicilii" which is defined in Ballentine's Law Dictionary as "The forum of domicile; the place or jurisdiction where a man resides and has the right to be sued."

In actions for injury to a person or property caused by the negligence of the owner or operator of a motor vehicle, provision has been made whereby such action may be brought in the county wherein the injury occurs, though the statute in its present form differs from the early form of the statute

which permitted it to be brought in the county in which the injured person resided. This is in recognition undoubtedly of the transitory nature of such actions and the likelihood of an automobilist injuring another while many miles from his residence and while using facilities provided through the efforts and at the expense of the county in which the collision occurred.

In order that a plaintiff may not be restricted to a single forum by a requirement that an action be brought in the county where the defendant resides the statute provides alternatively that it may be brought "where he may be summoned."

In 32 Corpus Juris, the author says, at page 391:

"The service of summons means the judicial delivery of a summons or a copy thereof to the opposite party in such manner as legally to charge him with notice of receiving it."

It is claimed by the defendant that in the instant case service was made upon him after he had been "lured into Cuyahoga County by the plaintiff and plaintiff's counsel and representatives for the sole purpose of attempting service upon this defendant in Cuyahoga County." If this claim be substantiated the defendant could not legally be charged with such notice.

We believe the rule to be well stated in 32 O. Jur. where, at page 406, the author says:

"However, the mere fact that the defendant came within the jurisdiction of the court as a result of some act of the plaintiff does not render the service objectionable if the plaintiff's act was not an invitation to the defendant to come and did not amount to a trick or device to bring him within the jurisdiction * * *."

"When he has come within the jurisdiction upon request of another in such manner as to be protected from service of summons at the instance of the latter he can not properly be served with such summons until a reasonable time to permit him to leave the jurisdiction has expired after the conclusion of the deliberations or business in reference to which his presence was sought."

In support of his statement the author cites the case of Pilcher v. Graham, 18 O. C. C. 5, where at page 9, Judge Voorhees says:

"One who induces another to come into the jurisdiction to consult over their controversy cannot have him served with summons until after a reasonable time for departure from the jurisdiction after the termination of the business upon which he has been invited to come."

(Miami Powder Co. v. Griswold, Superior Court of Cincinnati, 6 Am. Law Rec. 464.)

"If a party be enticed or decoyed into the jurisdiction of a court or induced to come by any device and advantage is taken of his presence to serve him with process it will be set aside."

The case of Miami Powder Company v. Griswold is also found in 6 O. Dec. Rep. 532. In that case the defendant was a resident of Buffalo and was induced to come to Cincinnati to discuss business and upon his arrival was served with summons. The Court in granting the motion to quash held that the defendant could not validly be served until he had a reasonable time to leave the jurisdiction of the court after concluding the business upon which plaintiff had invited him to come within the jurisdiction. There is a plethora of authorities which so hold.

We do not concur with defendant's counsel in his conclusion as to the motive of his opponent. We are inclined to believe that in his zeal to promote the interests and welfare of his client plaintiff's counsel sought to bring this case within the rule laid down by Mr. Justice Holmes in the case of Jaster v. Currie, 198 U. S., 144, the facts of which case caused it to be distinguished from the case in which the general rule applies. Zeal in asserting or defending the rights of a client shall ever be a jewel in the lawyer's crown and shall ever merit praise from Bench and Bar alike; and if it is true that this case does not fall within the rule laid down by Mr. Justice Holmes, the facts constituting a ground to set aside the service herein are set forth and gain no new force from vituperative epithet.

It is the contention of the plaintiff that under the rule laid down in the case of Jaster v. Currie, supra, service upon the defendant while in the jurisdiction was valid. In that case suit was brought in Nebraska upon a judgment obtained in Ohio. The plaintiff had previously brought an action in Nebraska for the same cause and had served notice upon defendant's attorney that plaintiff's deposition for use

in the Nebraska case would be taken in Ohio on September 5th, 1899. The defendant came to Ohio to attend the taking of the deposition. After the deposition was taken the defendant went to his father's home in the same Ohio county where he apparently remained until September 8th. On September 7th he was served with a writ in a suit in the Ohio court. While the briefs were not available to this court we assume that they were read by the editors of the Lawyer's Edition of the Supreme Court Reports (Book 49) where it appears from the report of the case that the plaintiff in error urged—

"It cannot be true that attending the taking of depositions in Ohio grants defendant eternal immunity from service in Ohio. A reasonable time to return is all he can ask."

The fact that defendant lingered in Ohio from September 5th to September 7th, instead of immediately returning to Nebraska when his business was concluded, was evidently persuasive as Mr. Justice Holmes says, at page 148:

"On the other hand the defendant could be served with process if he saw fit to linger in Ohio."

In the instant case had the business negotiations been initiated with the defendant for the delivery of the slag with the hope that he would deliver the slag himself or at least accompany the driver to Cuyahoga County, and that following the delivery of the slag he would not immediately return to Geauga County but would linger beyond a reasonable time and be available for service of a writ upon him in Cuyahoga County, and had such hopes been realized and service made upon the defendant while he lingered, we would have held such service valid. But the record shows that the business arrangement was for the delivery of five loads of slag; that the writ was served upon the defendant immediately after the third load had been delivered and while he was seated in his truck, his mode of conveyance. It can hardly be said that the business had been concluded for which plaintiff's representatives had invited defendant to come within the jurisdiction.

We believe that there exists in the instant case an essential variance from the facts of the Jaster case, and that the rule of law announced by Mr. Justice Holmes in that case has no application here.

The court is of the opinion that service in the instant

case was wrongfully effected. To hold otherwise, and to validate service in Cuyahoga County upon the nonresident defendant while he was in this county transacting business initiated by the plaintiff, would do violence to sound rules of law. The motion to quash service of summons upon the defendant is granted.