RICHARD TICKLE, *An Infant, Etc.*

*v.*

RAYMOND BARTON, *et al.*

(CC 831)

Submitted September 25, 1956. Decided November 13, 1956.

*W. H. Ballard, II, P. J. Flanagan,* for plaintiff.

*Frank L. Smoot, Sanders, Smoot & Sanders, Strother & Christie,* for defendants.

HAYMOND, JUDGE:

The plaintiff, Richard Tickle, an infant, who sues by his next friend, instituted this action of trespass on the case in the Circuit Court of McDowell County in March, 1955, to recover damages from the defendants, Raymond Barton, a resident of Austinville, Virginia, and Lawrence Coleman, for personal injuries inflicted upon him by a motor vehicle, owned by the defendant Raymond Barton and operated by his agent the defendant Lawrence Coleman, on private property instead of a public highway, in that county which the plaintiff alleges were caused by the negligence of the defendants.

190

Original process in the case was served upon the defendant Barton through the Auditor of West Virginia under the provisions of Chapter 47, Acts of the Legislature, 1937, Regular Session, relating to actions by or against nonresident operators of motor vehicles involved in accidents on any public street, road or highway in this State. The defendant Barton challenged the validity of such service upon him by that method by plea in abatement on the ground that the accident in which the plaintiff was injured did not occur upon a public highway. By general replication the plaintiff joined issue on the plea in abatement which was pending and undetermined on December 6, 1955.

On December 5, 1955, one of the attorneys for the plaintiff caused an alias process to be issued against the defendants returnable to January rules, 1956, and delivered it to a deputy sheriff for service upon the defendant Barton in McDowell County; and in the evening of December 6, 1955, that process was served by the deputy upon the defendant Barton in person at the War Junior High School in the town of War in that county where he appeared to attend a banquet which was held there at that time.

By his amended plea in abatement No. 2, the defendant Barton challenged the validity of the service of the alias process upon him on the ground that he had been induced to come to that place in McDowell County by trickery, artifice and deceit practiced upon him by the attorney for the plaintiff.

The circuit court overruled the demurrer of the plaintiff to the amended plea in abatement and by order entered June 4, 1956, certified its ruling upon the demurrer to this Court on the joint application of the plaintiff and the defendant Barton.

After reciting the prior proceedings in this case, the amended plea in abatement alleges in substance that after procuring alias process for the purpose of causing it

to be served upon the defendant Barton in McDowell County, and inducing him to come to the Junior High School in the town of War in that county, an attorney representing the plaintiff in this action, in the evening of December 5, 1955, called by telephone the defendant Barton at his home in Austinville, Virginia, and wrongfully and deceitfully represented that, in behalf of the sponsors of a banquet honoring a championship high school football team to be held at the Junior High School in the town of War, in McDowell County, at six thirty o'clock in the evening of December 6, 1955, he extended an invitation to the defendant Barton, whose son had been a member of an earlier football team of that school, to attend the banquet; that during that telephone conversation between them the attorney, though requested to do so by the defendant Barton, did not disclose his identity except to say that he called him in behalf of the sponsors to extend the defendant Barton a special invitation to attend the banquet; that the defendant Barton before being so invited did not know that the banquet would be held and did not intend to attend it; that he did not know or suspect the identity of the attorney, or realize that the telephone call was a trick or device to entice, induce and inveigle him to come into McDowell County to be served with process in this action; that the attorney was not connected with any of the sponsors of the banquet and was not authorized by them to invite the defendant Barton to attend it; that the attorney called the defendant Barton and invited him to the banquet solely for the purpose of tricking, deceiving and inveigling him to come to the town of War in order to obtain personal service of the alias process upon him in McDowell County; that the defendant Barton, believing that the invitation was extended in good faith, by a person authorized to extend it, and not suspecting the real purpose of the telephone call, accepted the invitation and informed the attorney that he would be present at the banquet and on December 6, 1955, left Austinville, Virginia, and went to the town of War with the intention of attending it; that, when he entered the high school where the banquet was held during the

evening of December 6, 1955, he was served by the deputy sheriff with the alias process which the attorney had caused to be issued on December 5, 1955; that the presence of the defendant Barton in the town of War, where he was served with the alias process, was procured by trickery, deceit and subterfuge practiced upon him by the attorney for the plaintiff; that if such trickery, deceit and subterfuge had not been so practiced upon him the defendant Barton would not have entered McDowell County and process in this action could not have been served upon him in that county; that other than the service of original process through the Auditor and the service of the alias process in McDowell County on December 6, 1955, there has been no service of process upon him in this action; that the service of the alias process upon the defendant Barton, having been procured by trickery, deceit and subterfuge which was not realized or suspected by him, is, for that reason, null and void and of no force or effect and does not confer upon the Circuit Court of McDowell County jurisdiction of the person of the defendant Barton in this action.

The amended plea in abatement also alleges, on information and belief, that after the defendant Barton had left his home in Austinville, Virginia, to attend the banquet, the attorney for the plaintiff, during the afternoon of December 6, 1955, made a telephone call to the residence of the defendant Barton, or caused some other person to make such call, and inquired of the wife of the defendant Barton if he intended to attend the banquet and was informed by her that he had left his home to attend it and was then on his way to the town of War for that purpose.

The amended plea in abatement further avers that after the defendant Barton had been served with the alias process his attorney inquired of the attorney for the plaintiff if he had made either of the two telephone calls or had procured some person to make the second telephone call and that the attorney for the plaintiff denied that

he had made, or procured any person to make, either of the foregoing telephone calls, and denied that he had any knowledge whatsoever of either of them.

The question certified to this Court for decision is whether the allegations of the amended plea in abatement, which insofar as they are material and are well pleaded must be considered as true upon demurrer, are sufficient to render invalid the personal service of process upon the defendant Barton in McDowell County because his presence in that county at the time of such service of process was induced or procured by trickery, artifice, or deceit practiced upon him by an attorney representing the plaintiff in this action.

The precise question presented by the certificate of the circuit court has not been determined in any prior decision of this Court. It has, however, been discussed in authoritative texts and treatises and considered and determined by appellate courts in other jurisdictions.

In Blashfield Cyclopedia of Automobile Law and Practice, Permanent Edition, Vol. 9A, Section 5919, the text contains these provisions: "Service may not be effected through trickery or chicanery, and any conduct smacking thereof will be scrutinized with jealous caution. Service should be quashed where a nonresident defendant is inveigled into the county or state, by false statements." In 42 Am. Jur., Process, Section 35, the general principle is stated thus: "Personal service of process, if procured by fraud, trickery, or artifice is not sufficient to give a court jurisdiction over the person thus served, and service will be set aside upon proper application. Relief is accorded in such cases not because, by reason of the fraud, the court did not get jurisdiction of the person of the defendant by the service, but on the ground that the court will not exercise its jurisdiction in favor of one who has obtained service of his summons by unlawful means. Thus, if a person resident outside the jurisdiction of the court and the reach of its process is inveigled, enticed, or induced, by any false representation, deceit-

ful contrivance, or wrongful device for which the plaintiff is responsible, to come within the jurisdiction of the court for the purpose of obtaining service of process on him in an action brought against him in such court, process served upon him through such improper means is invalid, and upon proof of such fact the court will, on motion, set it aside." The text in 72 C. J. S., Process, Section 39, contains this language: "Personal service is void if obtained by inveigling or enticing the person to be served into the territorial jurisdiction of the court by means of fraud and deceit, actual or legal, or by trick or device, and in such case defendant is not required to appear or defend." See also 21 R. C. L. 1275, Section 17 and note.

The foregoing principle applies to the party when such service is procured by his agent or by someone acting for and in his behalf. "Service of process procured or accomplished by the fraud, artifice, or trickery of an agent of a party or of someone acting for and in his behalf is as much invalid as though the fraud, artifice, or trickery was the party's own personal acts, and the service will be set aside as readily as if those acts were his personal acts. Service of process upon a defendant who has been decoyed or enticed within the reach of the process by any false representation, deceitful contrivance, or wrongful device for which the plaintiff is responsible will not support jurisdiction." 42 Am. Jur., Process, Section 37. See also 72 C. J. S., Process, Section 39.

In *Economy Electric Company* v. *Automatic Electric Power and Light Plant,* 185 N. C. 534, 118 S. E. 3, the court, discussing service of process by fraudulent means, used this language: "Where service of process is procured by fraud, that fact may be shown, and, if shown seasonably, the court will refuse to exercise its jurisdiction and turn the plaintiff out of court. The law will not lend its sanction or support to an act, otherwise lawful, which is accomplished by unlawful means. *Chubbuck* v. *Cleveland,* 37 Minn., 466 (S. c., 5 Am. St. Rep., p. 864). Such a fraud is one affecting the court itself and the in-

tegrity of its process. *Larned* v. *Griffin,* 12 Fed. Rep., 590; *Gilbert* v. *Vanderpool,* 15 Johns (N. Y.), 242; 1 Wait's Practice, 562. The objection, strictly, is not that the court is without jurisdiction, but that it ought not, by reason of the alleged fraud, to take or to hold jurisdiction of the action. *Wheelock* v. *Lee,* 74 N. Y., 495; *Higgins* v. *Beveridge,* 35 Minn., 285. Also, *Steele* v. *Bates,* 16 Am. Dec., 723, and note. The defendant may appear specially and object to the jurisdiction when the court will refuse to assume it, and will dismiss the action or award appropriate relief, as we have said, for the law will not lend its countenance or its aid to further an act, otherwise lawful, which is accomplished by unlawful and fraudulent means. *Townsend* v. *Smith,* 47 Wis., 623; 32 Am. Rep., 793; Bigelow on Fraud, 166, 171, and cases; *Ilsley* v. *Nichols,* 12 Pick., 270, 276; 22 Am. Dec., 425; *Sherman* v. *Gundlach,* 37 Minn., 118."

In *Siro* v. *American Express Company,* 99 Conn. 95, 121 A. 280, 37 A. L. R. 1250, the court in its opinion said "It is the law of this State that in a civil case the court will not exercise a jurisdiction which rests upon a service of process on a defendant who has been decoyed, enticed, or induced to come within its reach by any false representation, deceitful contrivance or wrongful device for which the plaintiff is responsible. 'You cannot do a wrong,' said Judge Ellsworth in *Hill* v. *Goodrich,* 32 Conn. 588, 590, 'and on that build a right.' *Hamden* v. *Collins,* 85 Conn. 327, 333, 82 Atl. 636. This principle has been declared generally by the courts of the United States and of Great Britain, and applied as well to the defendant's property as to his person. 15 Corpus Juris, 800; 7 R. C. L. 1040; Ann. Cases, 1916C, 608; *Sweet* v. *Kimball,* 166 Mass. 332, 44 N. E. 243; *Crandall* v. *Trowbridge,* 170 Iowa, 155, 150 N. W. 669; *Blandin* v. *Ostrander,* 152 C. C. A. 534, 536, 239 Fed. 700, 702; *Rosencranz* v. *Swofford Bros. Dry Goods Co.,* 175 Mo. 518, 531, 75 S. W. 445."

Many decisions of appellate courts in other jurisdic-

tions recognize and apply the rule that personal service of process obtained by inveigling or enticing the person to be served into the territorial jurisdiction of the court by means of fraud and deceit, actual or legal, or by trickery, artifice, or wrongful device, is void and upon proof such service will be set aside. Some of these decisions are *Robinson* v. *Bossinger*, 195 Ark. 445, 112 S. W. 2d 637; *Miller* v. *Acme Feed, Inc.*, 228 Iowa 861, 293 N. W. 637; *Crandall* v. *Trowbridge*, 170 Iowa 155, 150 N. W. 669, Ann. Cas. 1916C, 608; *Dunlap* v. *Cody*, 31 Iowa 260, 7 Am. Rep. 129; *Sutton* v. *Tuggle*, 260 Ky. 351, 84 S. W. 2d 1017; *Wood* v. *Wood*, 78 Ky. 624; *Fidelity and Deposit Company of Maryland* v. *Bussa*, 207 La. 1042, 22 So. 2d 562; *Margos* v. *Moroudas*, 184 Md. 363, 40 A. 2d 816; *Chubbuck* v. *Cleveland*, 37 Minn. 466, 35 N. W. 362, 5 Am. St. Rep. 864; *Mertens* v. *McMahon*, 334 Mo. 175, 66 S. W. 2d 127, 93 A. L. R. 1285; *Holker* v. *Hennessey*, 141 Mo. 527, 42 S. W. 1090, 39 L. R. A. 165, 64 Am. St. Rep. 524; *State ex rel. Ellan* v. *District Court*, 97 Mont. 160, 33 P. 2d 526, 93 A. L. R. 865; *Suhay* v. *Whiting* (Ohio), 96 N. E. 2d 609; *Oklahoma Industrial Finance Corporation* v. *Wallace*, 180 Okla. 363, 69 P. 2d 362; *Kelly* v. *Citizens Farmers National Bank of Chickasha*, 174 Okla. 380, 50 P. 2d 734; *Taylor* v. *McCool*, 183 Tenn. 1, 189 S. W. 2d 817; *Commercial Mutual Accident Company* v. *Davis*, 213 U. S. 245, 29 S. Ct. 445, 53 L. ed. 782; *Fitzgerald and Mallory Construction Company* v. *Fitzgerald*, 137 U. S. 98, 11 S. Ct. 36, 34 L. ed. 608; *Townsend* v. *Smith*, 47 Wis. 623, 3 N. W. 439, 32 Am. Rep. 793.

This Court approves and adopts the view supported by the above cited text, treatise and case authorities, which appears to be generally recognized as the law, and accordingly holds that when a person who resides outside the jurisdiction of a court and, for that reason, is beyond the reach of its process, is inveigled, enticed, or induced by fraud, trickery, artifice or wrongful device for which a party is responsible, by virtue of the action of his attorney or of any other person for and in his behalf, to come within the jurisdiction of the court for the purpose of enabling such party to obtain service of process upon

such nonresident person in an action brought against him in such court, service of process which results from such fraud, trickery, artifice or wrongful device, is invalid and does not justify the exercise of jurisdiction by such court over the person so served with process; and upon proof that service of process has been so obtained, it will be vacated and set aside.

Under the material allegations of the amended plea in abatement which, as already indicated, must be considered as true upon demurrer, the defendant Barton was induced or enticed to come into McDowell County by the unauthorized invitation extended to him by the attorney for the plaintiff whose purpose at the time was to obtain personal service upon the defendant Barton of process which had been issued against him at the instance of the attorney for the plaintiff; the defendant Barton knew that the present action against him was pending in the circuit court by reason of the service of the original process upon him through the Auditor of this State but he did not suspect or realize that he would be served with process while present in McDowell County to attend the banquet; he was induced to come into that county by the invitation to the banquet; and he would not have come into that jurisdiction if the attorney for the plaintiff had disclosed his identity and his real purpose in extending the invitation, all of which he concealed from the defendant Barton.

It therefore appears from the material allegations of the amended plea in abatement that the defendant Barton was induced to come into McDowell County by artifice practiced by the attorney for the plaintiff, for which the plaintiff is in law responsible, to enable him to obtain personal service in that county of process upon the defendant Barton in the pending action and that the manner in which such service of process was procured and accomplished renders the service of alias process upon the defendant Barton invalid and does not justify the exercise by the Circuit Court of McDowell County of jurisdiction over him in this action.

The amended plea in abatement is sufficient on demurrer and the action of the circuit court in overruling the demurrer was correct.

It should perhaps be emphasized that, as the factual allegations of the amended plea in abatement have not been denied at this stage of this action by any pleading filed by the plaintiff, the question of the truth or the falsity of those allegations is not before this Court and the present ruling upon the certified question of the legal sufficiency of the amended plea in abatement on demurrer does not in any wise affect or determine any question of fact which may hereafter arise upon the allegations of the amended plea in abatement if they should be denied by proper replication or preclude the plaintiff from controverting them by competent proof.

*Ruling affirmed.*

GIVEN, JUDGE, dissenting:

My disagreement with the majority is not as to the rule of law laid down. I think the rule a salutary one, and masterfully stated. I do not believe, however, that the facts properly pleaded, and the inferences which may be rationally drawn therefrom, bring the facts of this case within the influence of the rule.

Stripped of all explanatory language, and of many allegations of conclusions of fact, such as that the attorney made representations to defendant for the purpose of "enticing, inveigling and deceiving" him into entering McDowell County, the plea in abatement charges no more than that the attorney, by telephone, inquired at defendant's home whether defendant intended to attend a certain social function to be held in McDowell County, to which defendant was then invited by the attorney; that the attorney, though requested to give his name, did not do so; that the attorney later, or someone for him, again by telephone, inquired whether defendant had decided to attend the social function, and was advised that defendant had made arrangements to attend; and that the attorney caused process to be served on defendant while attending the social function. Notice that

no false or untrue statement or representation was made to defendant. The principal, if not only, fact of wrongdoing, if wrongdoing, alleged against the attorney was his failure to inform defendant of the identity of the telephone caller. The acts of the attorney subsequent to the time defendant actually decided to attend the social function, of course, should not be considered as part of any inducement, as pointed out in decisions hereinafter cited. It seems to me that the facts properly alleged can not be held to establish fraud or wrongdoing. At most, they would simply show that the attorney took advantage of an opportunity, the holding of the social function in Mc-Dowell County and the interest of defendant's son in the holding of the function, to try to obtain proper service of process, which was no more than a duty owed his client. In considering the questions arising, it should be kept in mind that defendant had full knowledge of the institution of the action against him in McDowell County, of the fact that he had questioned the validity of the service of other process issued in that action, and of the fact that the alleged cause of action arose in McDowell County, where ordinarily it would have been triable.

Numerous opinions of this Court are to the effect that, to establish fraud, it must be clearly alleged and proved. Fraud is never presumed. See *Ghiz* v. *Savas,* 134 W. Va. 550, 60 S. E. 2d 290; *Zogg* v. *Hedges,* 126 W. Va. 523, 29 S. E. 2d 871; *LaFollette* v. *Croft,* 122 W. Va. 727, 14 S. E. 2d 917; *Hunt* v. *Hunt, Trustee,* 91 W. Va. 685, 114 S. E. 283. Certainly, the rule should not be relaxed for the mere reason that the person charged happens to be an attorney. See *In Re: Marcum,* 135 W. Va. 126, 62 S. E. 2d 705; *In re: Damron,* 131 W. Va. 66, 45 S. E. 2d 741; *State* v. *Smith,* 84 W. Va. 59, 99 S. E. 332.

An examination of the cases cited by the majority discloses that, though they fully support the rule laid down, not one of them, in my opinion, requires, or even permits, the application of the rule in a case wherein the facts are comparable, in effect, with the facts alleged in the plea involved in the instant case. The majority opinion points out no such case, and I find none. In some of the

cases cited, the facts on which the holdings are based are much stronger than are the facts alleged in the plea, yet the Courts held such facts insufficient to establish fraud or wrongdoing. To here consider each of such cases would serve no useful purpose.

In 72 C. J. S., Process, Section 39, cited in the majority opinion, after setting forth the general rule as laid down by the Court, this language is found: "* * * but service will not be held invalid where defendant comes voluntarily into the jurisdiction, even though he is induced by misinformation to permit the process server to obtain an opportunity to serve which he would not otherwise have given him".

In 42 Am. Jur., Process, Section 36, this language is used: "Fraud and fraudulent intent and purpose in enticing a person to come within the reach of the process of a court may be inferred from the acts and representations of the parties and all the facts and circumstances shown. But, as between honest and dishonest motives and purposes, honesty of intent and purpose will be presumed unless the facts and circumstances are such as to satisfy the mind that the acts and statements relied on are fraudulent or dishonest. The service of a writ, otherwise lawful, does not become unlawful because the hope for a chance to make it was the sole motive for other acts tending to create the chance, which other acts would themselves have been lawful except for that hope. Nor is fraud predicable of conduct by means of which the plaintiff has merely taken advantage of the usual course of business."

It appears to have been the privilege and practice of the uninformed through ages to have assumed that an attorney at law was guilty of wrongdoing upon mere charge or suspicion, but for Courts to assume fraud or wrongdoing as to their own officers, attorneys at law practicing under oath, to me, is not understandable.

Being of the views indicated, I respectfully dissent. I am authorized to say that Judge Riley joins in this dissent.