971 P.2d 220

In Re the Marriage of Stephanie L.
RUTHERFORD, Petitioner–
Appellant,

v.

Michael F. RUTHERFORD,
Respondent–Appellee.

No. 1 CA–CV 98–0224.

Court of Appeals of Arizona,
Division 1, Department D.

Dec. 8, 1998.

Susan Oliver Worth, P.C. by Susan Oliver Worth Attorney, Phoenix, for Petitioner–Appellant.

Charna Johnson, Phoenix, Attorney for Respondent–Appellee.

## OPINION

KLEINSCHMIDT, Judge.

¶ 1 This case presents a question of jurisdiction in a child support case. We hold that an Arizona court has jurisdiction over a father who does not reside in this state but was personally served with process while he was in the state on vacation and visiting his child.

¶ 2 Michael F. Rutherford and Stephanie L. Rutherford were married in Ohio and had one child. The family lived together in Ohio for more than three years until the Mother moved to Arizona with the minor child in 1991.

¶ 3 The Mother filed a petition for dissolution of marriage in Maricopa County Superior Court, and the court granted a default dissolution in January 1993. The court did not award the Mother child support because it did not have personal jurisdiction over the Father.

¶ 4 In May 1997 the Mother filed a petition for an order to show cause to establish child support. The Father was served with the petition and order to show cause while he was in Arizona on vacation and visiting the child.

¶ 5 The Father moved to dismiss for lack of jurisdiction. The trial court concluded that orders compelling financial obligations require personal jurisdiction over the responsible party and found that the Father was a resident of Ohio and that he had not submitted to jurisdiction in Arizona. Relying on *Kulko v. Superior Court,* 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978), the court held that it did not have jurisdiction over the Father to enforce or establish a child support order and that the Mother must pursue child support in a state that does have personal jurisdiction over the Father. This appeal followed.

¶ 6 The Mother argues that the trial court erred in relying on *Kulko.* In *Kulko* the father's only contacts with the forum state, California, were that the mother and child resided there and that he had been in California twice on brief military stopovers. *Id.* at 93, 101, 98 S.Ct. 1690. The father had never been served with process in California.

¶ 7 We agree that *Kulko* does not control because the father in that case was never served with process in the forum state. Another case, *Burnham v. Superior Court,*

495 U.S. 604, 110 S.Ct. 2105, 109 L.Ed.2d 631 (1990), is more closely on point. In *Burnham*, the Supreme Court held that a father who was personally served in California while on a combined business trip and visit to his children was subject to the jurisdiction of the California courts. The Court said: "Among the most firmly established principles of personal jurisdiction in American tradition is that the courts of a State have jurisdiction over nonresidents who are physically present in the State." *Burnham*, 495 U.S. at 610, 110 S.Ct. 2105. Other case law also supports the well-recognized principle that service of process within Arizona confers personal jurisdiction over the individual. *See, e.g., Morgan Bank v. Wilson*, 164 Ariz. 535, 537, 794 P.2d 959, 961 (App.1990); *In re Hindi*, 71 Ariz. 17, 20, 222 P.2d 991, 993 (1950); and *Rodriguez v. Rodriguez*, 8 Ariz. App. 5, 9, 442 P.2d 169, 173 (1968).

¶ 8   The Father intimates that it is not enough that he was personally served in Arizona and that absent other minimum contacts with the state that satisfy "traditional notions of fair play and substantial justice," the court did not have jurisdiction. *See International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). We disagree. According to *Burnham*, physical presence in the forum state satisfies personal jurisdiction, and a minimum contacts analysis is not necessary when the defendant is served with process in the state because physical presence "is one of the continuing traditions of our legal system that define the due process standard of 'traditional notions of fair play and substantial justice.'" 495 U.S. at 619, 110 S.Ct. 2105.

¶ 9   The Father argues, however, that he was not voluntarily in Arizona when he was served. He says that the Mother refused to send the child to visit him in Ohio, so he was forced to come to Arizona to exercise his right to visitation. There is some authority for the proposition that courts will not assert jurisdiction over people who have been tricked into entering a jurisdiction so that they could be served with process. *See Hammett v. Hammett*, 74 A.D.2d 540, 424 N.Y.S.2d 913 (App.1980) (recognizing the general rule that when a nonresident defendant has been enticed into the jurisdiction by fraud or deceit, the service will be vacated); *McClellan v. Rowell*, 232 Miss. 561, 99 So.2d 653 (Miss.1958) (no personal jurisdiction when father fraudulently enticed mother into jurisdiction by telling her that an ailing grandmother, who was not supposed to live, wanted to see the child); and *Tickle v. Barton*, 142 W.Va. 188, 95 S.E.2d 427 (W.Va. 1956) (no personal jurisdiction when plaintiff's attorney tricked the defendant into attending a championship football banquet in another county by extending a false invitation).

¶ 10   Assuming that we were to adopt the rule of cases like *Hammett*, *McClellan*, and *Tickle*, the facts of this case do not bring those authorities into play. The Father's attorney told the court that the Father came to Arizona on his vacation to see the child because the Mother would not send the child to Ohio. She also said that the Father would testify that the only reason he was in Arizona was to "pick up the minor child." The Mother's attorney, however, stated that the Father had been in Arizona on other occasions, and that, when he was served on May 9, 1997, the Father was in Arizona with two friends, intimating that the trip was at least partly for pleasure.

¶ 11   The joint custody agreement called for the child to "spend the first half of the summer and school breaks with the father unless otherwise agreed upon by both parents," and the child would spend two holidays with the Father. The record does not clearly support a conclusion that the Mother was in breach of a legal duty when she refused to send the child to Ohio, and the trial court declined to determine whether the Father was in Arizona voluntarily or whether he was improperly enticed into the jurisdiction. Even if the Mother intended to serve process on the Father when he came to visit in Arizona, and even if she may have refused to send the child to Ohio with the purpose of gaining service in mind, such is not tantamount to the kind of fraud that some courts have held sufficient to vitiate service.

¶ 12   The order dismissing the show cause proceeding is reversed, and this case is remanded for further proceedings.

SHELDON H. WEISBERG, Presiding
Judge, and REBECCA WHITE BERCH,
Judge, concur.