CIRCUIT COURT OF THE CITY OF RICHMOND

James W. Brammer and
Dorothy W. Brammer

v.

State Highway Commissioner

May 20, 1980

Case No. D-7252-S

By JUDGE WILLARD I. WALKER

This matter is before the court on plaintiffs' motion to transfer this action. The facts are not in dispute.

In 1970, plaintiffs' land was condemned for the purpose of constructing Route 460, and title vested in the State Highway Commissioner. Plaintiffs were paid $45,945 for the tract, which included improvements valued at $23,255 which were demolished. Upon completion of the highway project, none of the land having been used, plaintiffs petitioned the Circuit Court of the City of Roanoke to compel the State Highway Commissioner to reconvey the land for the consideration paid, less the value of the improvements. When the action was filed, the only court authorized under Virginia Code § 8-38 to entertain such suits involving property of the Commonwealth was the Circuit Court of the City of Richmond. Accordingly, the suit was transferred here.

Since the transfer was ordered, the law regarding venue has been changed by Chapter 5 of Title 8.01, Va. Code Ann. (Supp. 1979), and venue is no longer restricted to the City of Richmond. Plaintiffs have

therefore requested that this action be transferred back to the Circuit Court of the City of Roanoke.

Under Virginia Code § 8.01-261(2) to (3), both the situs of the property and the office of the official being sued qualify as "preferred" venue. Had § 8.01-261 been in effect at the time of the filing of this action, "preferred venue" would have included Roanoke, the situs of the land, and Richmond, the location of the Commissioner's official office. Plaintiffs would not have been forced to present their case in the City of Richmond.

Section 8.01-265 does not expressly contemplate motion for transfer to be made by a plaintiff. Usually, of course, plaintiff has chosen the forum in which the action is to be heard, so change of venue would be unnecessary for him.

However, as the Revisers' Notes point out, § 8.01-265 "consolidates the forum non conveniens transfer provisions of former §§ 8-38(10) and 8-157(a) . . . ." Section 8-157(a), Va. Code Ann. (Supp. 1976) provided that the judge could, "on motion by any party, after twenty days' notice to the adverse party . . . and for good cause shown, order any suit, motion or other civil proceeding pending therein, to be removed to any other court having jurisdiction of the subject matter." (Emphasis added.)

Furthermore, § 8.01-257 states that "[i]t is the intent of this chapter that every action shall be commenced and tried in a forum convenient to the parties and witnesses, where justice can be administered without prejudice or delay." In Virginia, statutes providing for change of venue are to be liberally construed in furtherance of justice. Newcomer v. Commonwealth, 220 Va. 64, 255 S.E.2d 485 (1979).

It appears, therefore, that a motion for transfer by plaintiffs is not excluded by § 8.01-265.

Even if § 8.01-265 does not apply, plaintiff is

<u>still</u> <u>entitled</u> <u>to</u> <u>a</u> <u>change</u> <u>of</u> <u>venue</u> <u>in</u> <u>the</u> <u>instant</u> <u>case.</u>

Although venue in Virginia is prescribed by statute [<u>Dowdy</u> v. <u>Franklin,</u> 203 Va. 7 (1961)], unless the statute provides otherwise, the court can still transfer venue under common law principles of equity. <u>Darmstaff</u> v. <u>Wolfe,</u> 14 Va. (4 Hen. & M.) 246 (1809). Thus, even if § 8.01-265 is interpreted to allow transfer of venue only upon motion of a defendant, it would not bar this court from transferring venue under its common law powers since this statute only instructs the court "wherein an action is commenced."

In the instant case, plaintiffs did not commence the action in the City of Richmond; rather they were forced to transfer from their original choice of forum under a statute which is no longer in effect. They should, therefore, not be excluded from being able to present their case in the most convenient forum allowed by the legislature. Because of their posture in this case, the plaintiffs should be viewed as <u>de facto</u> defendants who are entitled to seek a different venue under the <u>forum</u> <u>non</u> <u>conveniens</u> doctrine. Equity, as well as common sense, would not deprive these parties from being able to present their case in any of the statutorily allowed forums. This is particularly true as under old § 8-157 any party would have had the right to move for transfer, whether he be plaintiff or defendant.

Section 8.01-261 allows venue to be set in this case either in Richmond or in Roanoke, both locations being classified as "preferred." However, the judge's choice of venue from those established by statute is a matter for his discretion. Because the land, the witnesses, and the plaintiffs are to be found there, the City of Roanoke is the more appropriate forum for this action. The surrounding circumstances show that there has been no prejudice to the Commonwealth, the availability of the information necessary for trial has at all time been in Roanoke, adequate notice has been given, and the court has not ruled on any substantive issues. The court, therefore, grants the plaintiffs' motion for transfer to the Circuit Court of the City of Roanoke.