## Richmond

IVY P. BLUE, JR.

v.

VIRGINIA STATE BAR, EX REL. FIRST DISTRICT COMMITTEE

September 11, 1981.

Record No. 800878.

Present: Carrico, C.J., Cochran, Compton, Stephenson, JJ., and Harmon, S.J.

*Robert S. Ganey* for appellant.
*Walter H. Ryland, Chief Deputy Attorney General (Marshall Coleman, Attorney General,* on brief), for appellee.

PER CURIAM.

In this appeal, we consider whether Code § 54-74 prohibits the appointment of a substitute Commonwealth's Attorney pursuant to Code § 19.2-155 or the designation of a substitute judge in accordance with Code § 17-7 in a disciplinary proceeding brought against an attorney.

On July 18, 1979, the First District Committee of the Virginia State Bar filed a complaint against Ivy P. Blue, Jr., a licensed attorney, in the Circuit Court of Hanover County. After issuing a rule as required by Code § 54-74, the Honorable Richard H. C. Taylor wrote a letter to Chief Justice Lawrence W. I'Anson in which he requested that none of the judges of the Fifteenth Judicial Circuit be required to sit and hear the charges against Blue. Pursuant to Code § 17-7(2)[1] Chief Justice I'Anson appointed three judges, none of whom was from the Fifteenth Judicial Circuit and one of whom was retired. In addition, the circuit court, acting upon the request of the Commonwealth's Attorney for Hanover County and pursuant to Code § 19.2-155,[2] appointed a

---

[1] Code § 17-7(2) provides:
If all the judges of any court of record are so situated in respect to any case, civil or criminal, pending in their court as to render it improper, in their opinion, for them to preside at the trial, unless the cause or proceeding is removed, as provided by law, they shall enter the fact of record and the clerk of the court shall at once certify the same to the Chief Justice of the Supreme Court, who shall designate a judge of some other court of record or a retired judge of any such court to preside at the trial of such case.

[2] Code § 19.2-155 provides insofar as here pertinent:
If the attorney for the Commonwealth of any county or city . . . is so situated with respect to such accused as to render it improper, in his opinion, concurred in by the

substitute to prosecute the charges. In December of 1979, the three-judge panel determined Blue was guilty of professional misconduct. After judgment had been entered, Blue moved to set aside the judgment on the grounds that Code § 54-74(2)[3] required that the judge issuing the rule be one of the three judges hearing the case and that this Code section precluded the designation of a retired judge. In addition, he contended that Code § 54-74(3)[4] prohibited the appointment of a substitute for the Commonwealth's Attorney for Hanover County. The circuit court denied his motion, and Blue then filed this appeal of right in which he limits himself to the jurisdictional issues raised before the circuit court.

We do not agree with Blue's arguments. A statute should be construed, where possible, with a view toward harmonizing it with other statutes. *Albemarle County* v. *Marshall, Clerk*, 215 Va. 756, 761, 214 S.E.2d 146, 150 (1975). Here, Code § 17-7(2) expressly authorizes the Chief Justice to designate "a judge of some other court of record or a retired judge of any such court" to hear a case when a judge has disqualified himself in "any case." Likewise, Code § 19.2-155 authorizes the appointment of a substitute for the Commonwealth's Attorney when the Commonwealth's At-

---

judge, for him to act . . . then upon notification by such attorney for the Commonwealth . . . which fact shall be entered of record, the judge of the circuit court shall appoint an attorney-at-law for such case . . . as may be necessary or desirable, and the same to be forthwith entered of record.

[3] At the time this case was heard by the three-judge panel, Code § 54-74(2) provided in pertinent part:

At the time such rule is issued the court issuing the same shall certify the fact of such issuance and the time and place of the hearing thereon, to the chief justice of the Supreme Court of Virginia, who shall designate two judges, other than the judge of the court issuing the rule, of circuit courts or courts of record of cities of the first class to hear and decide the case in conjunction with the judge issuing the rule
. . . .

In the 1980 General Assembly session, this subsection was substantially altered. The present statutory language provides that the Chief Justice "shall designate three judges of circuit courts of any circuit other than the circuit in which the case is pending to hear and decide the case." Acts 1980, ch. 289.

[4] At the time this case was heard by the three-judge panel, Code § 54-74(3) provided: It shall be the duty of the attorney for the Commonwealth for the county or city in which such case is pending to appear at the hearing and prosecute the case.

In the 1980 General Assembly session, this subsection was amended to read:

It shall be the duty of the three-judge court to select an attorney for the Commonwealth from any county or city other than the county or city in which such case is pending to appear at the hearing and prosecute the case. Acts 1980, ch. 289.

torney has disqualified himself. We refuse to adopt a construction of former Code § 54-74(2) and (3) that would require judges or Commonwealth's Attorneys to participate in proceedings when they believe such participation would be improper and they have followed the procedures outlined in Code §§ 17-7 and 19.2-155.

For the reasons stated, we will affirm the judgment of the court below.

*Affirmed.*