### CIRCUIT COURT OF FREDERICK COUNTY

Shoemaker

v.

Commonwealth of Virginia et al.

May 29, 1984

Case No. (Law) 4191

By JUDGE ROBERT K. WOLTZ

This matter comes on for decision on the motion of the defendants for transfer of venue. The motion invokes consideration of the interplay between the general venue statutes, §§ 8.01-257 through 8.01-266, and the Virginia Tort Claims Act, 1981 Acts c. 449, Sections 8.01-195.1, *et seq.*, and particularly Section 8.01-195.4, containing its venue provision.

The plaintiff Shoemaker was an inmate in a correctional institution of the Commonwealth located in the City of Staunton. He complains that while there, shortly after the Tort Claims Act became applicable, he sustained injuries and damages as the result of certain acts or omissions of several state employees. In his amended motion for judgment he dropped the Virginia Department of Corrections and its Director as defendants. He alleges that he is a resident of Frederick County.

The defendants agree that the alleged acts and omissions complained of occurred in Staunton and that all the individual defendants at the time of suit were employed at the institution located there, except one who was nonresident when suit was commenced. They state that

other than the nonresident each is resident in Staunton or counties nearby and at commencement of the suit Shoemaker was not resident in Frederick County but in Clarke County, where he was incarcerated in another state penal institution. Defendants seek to have venue transferred to the City of Staunton.

Under the circumstances alleged there is no venue in Frederick County under the general venue statutes which were adopted in 1977, Acts c. 617, five years before the Tort Claims Act became applicable. The venue provision of the latter Act, however, states, "Venue shall lie in the circuit court of the county or city wherein the claimant resides or wherein the act or omission complained of occurred." § 8.01-195.4.

Thus if Shoemaker is a resident of Clarke County venue, "the place of trial," § 8.01-258, is improperly laid under either the general venue statutes or the Tort Claims Act venue provisions. In my opinion Shoemaker is not a resident of Clarke County, but merely an involuntary sojourner there. Residence involves intention. Without intention to abide in a certain locale mere physical presence in it under legal compulsion, such as imprisonment, will not convert it into one's residence. On that point *Guarantee Co. of North America* v. *First National Bank of Lynchburg*, 95 Va. 480 (1898), says:

> The penitentiary is not a place of residence, but of confinement as punishment for the commission of crime. Moreover, residence is a matter of intention, and is determined by every man for himself. The residence of Hamner at the time of his conviction, was in Lynchburg, and his family has continued to reside there. His compulsory removal to the penitentiary of another state could not operate to change his place of residence. That could only be effected by his voluntary act, and not involuntarily by the strong arm of the law as a punishment for a felony of which he had been convicted.

The general venue statutes, contained in Chapter 5 of Title 8.01, are an endeavor, close-knit and interlocking, to provide for the appropriate place for trial in all cases, excepting eight instances specifically excluded in § 8.01-259. The self-expressed intent of this chapter

is to provide "that every action shall be commenced and tried in a forum convenient to the parties and witnesses, where justice can be administered without prejudice or delay." § 8.01-257. To accomplish this end venue is divided into "preferred venue," § 8.01-261, and "permissible venue," Section 8.01-262. In effect preferred venue takes precedence over permissible venue and generally a party can demand that an action be retained by or transferred to a preferred venue, § 8.01-265, as opposed to any other venue, permissible or otherwise.

The individual defendants argue that the preferred venue is in the City of Staunton under paragraph 2 of Section 8.01-261, which states "where the action is against one or more officers of the Commonwealth in an official capacity the county or city where any such person has his official office." The individual defendants are admittedly state employees, but it is questionable whether they are "officers of the Commonwealth." As the issue of venue will be decided on other grounds, it is unnecessary to decide whether those defendants are merely employees or are officers of the Commonwealth.

The plaintiff contends that the general venue statute and consequently matters of preferred and permissible venue and transfers and retentions thereof are not applicable to this case. He maintains that the special venue provision in the Tort Claims Act is the sole operative provision on venue under that Act and that the special venue provision operates independently and exclusively of the general venue statutes. In support of this he points out that the general venue statutes were adopted several years before the Tort Claims Act and hence could not reasonably be controlling with respect to a special venue provision in the latter, which provision specifically makes a claimant's place of residence one of the two alternate venues provided.

The Virginia Tort Claims Act of 1981 is applicable to occurrences arising on July 1, 1982, or after. Its purpose was in part to alter the common law doctrine of sovereign immunity by subjecting the Commonwealth in certain circumstances and with certain limitations to liability for negligence of its employees. The doctrine is complicated by such matters involving governmental as opposed to proprietary activities, simple negligence as opposed to gross negligence, questions of scope of employees' duty, scope of the doctrine itself, and other

matters, thereby involving not infrequent litigation, e.g. *Hinchey v. Ogden*, 226 Va. 234 (1983); *Bowers v. Commonwealth*, 225 Va. 245 (1983); *Banks v. Sellers*, 224 Va. 168 (1982); *James v. Jane*, 221 Va. 43 (1980); *Freeman v. City of Norfolk*, 221 Va. 57 (1980); *Short v. Grifitts*, 220 Va. 53 (1979); *Transportation, Inc. v. Falls Church*, 219 Va. 1004 (1979); *Taylor v. Newport News*, 214 Va. 9 (1973); *Lawhorne v. Harlan*, 214 Va. 405 (1973); *Crabbe v. School Board*, 209 Va. 356 (1968); *Elder v. Holland*, 208 Va. 15 (1967); *Morris v. Tunnel District*, 203 Va. 196 (1962); *Tunnel District v. Beecher*, 202 Va. 452 (1961); *Sayers v. Bullar*, 180 Va. 222 (1942); *Norfolk v. Hall*, 175 Va. 545 (1940); *Wilson v. State Highway Commissioner*, 174 Va. 82 (1939); *Franklin v. Richlands*, 161 Va. 156 (1933); *Board of Public Works v. Gannt & Co.*, 76 Va. 445 (1882). In view of the erosion in modern times of the doctrine in jurisdictions other than Virginia it is not surprising the Act was adopted and it may have been adopted in part with respect to the "highly attenuated reasoning" and "increasing uncertainty and confusion" attendant upon the application of the doctrine. *Bowers v. Commonwealth, supra,* dissenting opinion, at page 255.

Whatever the motivation for passage of the Tort Claims Act or the purposes to be fulfilled by it, the contention of the plaintiff that its own venue provisions are wholly exclusive of the general venue statutes cannot be sustained. Effective in 1982 before this action was instituted the latter statutes were amended in two respects to bring at least partially within their ambit the particular venue provisions of the Tort Claims Act.

Section 8.01-264 deals with transfer of venue not properly laid under the general venue statutes. The section provided that if a motion objecting to venue as improper is sustained the court shall order transfer to a forum as may be proper in accordance with three sections of the general venue statute. The amendment added to those three sections § 8.01-195.4. While no claim is made that venue is improperly laid in this case, the fact that Section 8.01-264 of the general statutes brings within its terms § 8.01-195.4 of the Tort Claims Act is significant.

Section 8.01-265 provided that in addition to Section 8.01-264 dealing with transfer of venue when improperly laid, notwithstanding §§ 8.01-260, 8.01-261 and 8.01-262, "The Court wherein an action is commenced may,

upon motion by any defendant and for good cause shown, transfer the action to any fair and convenient forum having jurisdiction within the Commonwealth." This section was amended by including § 8.01-195.4 with the last three sections mentioned. This amendment and the previous one mentioned are indicative of a clear legislative intent that the venue provision of the Tort Claims Act be read with the general venue statutes and be subject to them with regard to matters of venue transfer.

"Good cause shown" in respect of transfer to another permissible venue (§ 8.01-262) on motion of the defendant is defined as including but not limited to "the agreement of the parties or the avoidance of substantial inconvenience to the parties or the witnesses."

The place where a cause of action arose has traditionally been an important factor in the determination of venue. Recognition of this tradition is exemplified by Section 8.01-195.4 of the Tort Claims Act and subsection 4 of § 8.01-262 on permissible venue. Though not recognized by § 8.01-195.4, also of importance has been the place of residence of a defendant, and more recently the place of his employment. These factors receive express recognition in subsection 1 of Section 8.01-262 and subsection 1(b)(1) of § 8.01-261 on preferred venue.

The Tort Claims Act clearly gives the plaintiff a choice of venue between the place where he resides or where the cause of action arose. He has exercised his option by choosing the former, and his choice must be given considerable weight and respect. Nevertheless his choice is not an unbridled one and is subject to transfer by the court for good cause shown under Section 8.01-265. While it certainly would not be true in every action under the Tort Claims Act, yet in this case it appears that the necessary good cause has been shown for transfer of venue in this action to the Circuit Court of the City of Staunton. Bearing in mind that the Circuit Court of Frederick County is approximately ninety-five miles removed from the Circuit Court of the City of Staunton, the good cause shown is made up of the following components:

(1) The place where the cause arose, a weighty matter, is in Staunton.

(2) Records and documentary evidence, likely relevant to preparation and presentation of the case, are in Staunton.

(3) Of the five individual defendants one resides in Staunton and three in localities nearby. (The fifth was and presumably is nonresident.)

(4) Ordinarily the place of trial may on the face of it be of no great significance to the Commonwealth, yet her convenience is affected by the three foregoing factors and that mentioned in paragraph 6 below.

(5) If *arguendo* the five individual defendants are or were officers of the Commonwealth being sued in their official capacity, the place of the official offices of four of them is in Staunton and for the nonresident defendant was in Staunton; or if sued merely as employees of the Commonwealth, four have their principal place of employment in Staunton and the nonresident did when the cause of action arose.

(6) The witnesses, those generally innocent persons frequently caught up against their wishes in the maelstrom of litigation, or certainly a majority of them, are likely to live in or near Staunton. A court should give great consideration to persons in that status, and where it properly can, give weight to the possibility of accommodating their convenience as well as that of the parties.

(7) "Avoidance of inconvenience to the parties" weighs at least four to one in favor of the transfer to Staunton, and the same avoidance of inconvenience to the witnesses likely favors Staunton to the same or a greater degree.

The decision to sustain the motion for transfer of venue, while reached for the foregoing reasons, has not been arrived at without concern for the Circuit Court of the City of Staunton and the Judges thereof. Even where the basis of a transfer seems well grounded, one Court, the docket of which and the burden of discharging it are heavy, necessarily makes with considerable diffidence a decision which will increase the work of another Court which may be saddled with as great or greater docket.

The Assistant Attorney General appearing in the case in representation of all defendants will prepare appropriate Order for transfer of venue in accordance with this opinion.