## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Henes

    v.

Henes

### Case No. (Chancery) 16430

By JUDGE ALFRED D. SWERSKY

March 17, 1986

This matter is before the Court on defendant's motion to dismiss and to enforce an injunction. Complainant in this case was temporarily enjoined by both this Court and a Pennsylvania Court from proceeding until a hearing could be held on a permanent injunction. The question before the Court is whether by filing a new action for divorce the complainant has violated the terms of either injunction. In making its determination the Court must look to the words of the orders of the Courts.

In Pennsylvania the injunction is against the "taking of further action in the Circuit Court of the City of Alexandria, Virginia, *Chancery No. 14424* (emphasis added)." In Alexandria a decree was entered in Chancery No. 14424 based on the Pennsylvania order, enjoining complainant from "proceeding in Virginia in this cause." The language of both orders is restrictive in its scope. Had either Court wished to enjoin any further action, not specifically Chancery No. 14424, it could have done so in its order. Ordinarily, complainant should not be able to frustrate the purpose of an injunction by the device of simply filing another suit. However, in this case complainant is fully justified in filing suit for divorce based on another ground of divorce.

One can find justification in the wording of the respective orders, the passage of an inordinate amount of time for the pendency of a preliminary injunction,

the serious question of jurisdiction that exists and the ability of this Court to afford the most complete relief to the parties.

For these reasons, the motion of the defendant will be denied.

### May 19, 1986

This matter is before the Court on defendant's motion, made by special appearance, to dismiss this cause for lack of jurisdiction. For the reasons that follow, the motion must be denied.

Complainant has filed this action for divorce and obtained service of process on the defendant by publication. Defendant has, by special appearance, moved to dismiss this action for lack of jurisdiction, alleging that this matter in its entirety is before The Court of Common Pleas, Chester County, Pennsylvania. In support of this argument defendant submits a copy of an opinion dated April 21, 1986, by that Court, denying Mr. Henes's plea to the jurisdiction of that Court and ruling that the Pennsylvania Court does have *in personam* jurisdiction over him.

On the other hand, counsel for the complainant argues that the Virginia Court has *in rem* jurisdiction to dissolve the marriage and to equitably distribute the marital property of the parties. Complainant further argues that the equitable distribution statute does not require that this Court obtain *in personam* jurisdiction over the defendant in order to equitably distribute the property of the marriage. With this proposition, I cannot agree. In order to adjudicate the defendant's rights to the marital property in the State, *in personam* jurisdiction must be obtained prior to the distribution, either by way of a monetary award or by division of the marital property. However, complainant should be given an opportunity to obtain this *in personam* jurisdiction, if he is able.

While it is true that full faith and credit must be given to the decrees of a sister state, one issue which has been reserved is that dealing with the question of *in personam* jurisdiction. It is unnecessary at this time for this Court to decide whether the Pennsylvania Court is correct in its determination of its *in personam* jurisdiction over Mr. Henes. It seems clear under the

equitable distribution statutes of this Commonwealth that Mr. Henes may properly litigate that matter in this Court once he has obtained *in personam* jurisdiction over Mrs. Henes.

For these reasons the motion to dismiss will be denied and the complainant given opportunity to obtain *in personam* jurisdiction over the defendant.