## CIRCUIT COURT OF CHESTERFIELD COUNTY

Joanne Ellis,
Adm'r of the Estate of
Michael Robert Ellis,
Deceased

v.

Giles M. Robertson

January 19, 1990

Case No. (Law) CL89-983

By JUDGE WILLIAM R. SHELTON

Plaintiff has requested a transfer of venue to Richmond. The Court has considered the plaintiff's request and finds that it must be denied.

Plaintiff argues that the decision in *Brammer v. Highway Commissioner* establishes that plaintiff, for good cause shown, can obtain a transfer of venue. *Brammer v. Highway Commissioner*, 2 Va. Cir. 18 (1980).

While it is true that the Court in *Brammer* granted the plaintiff's request for a transfer of venue, the facts of that case should be distinguished from the case before this Court. In *Brammer* the plaintiff's land was condemned by the State Highway Commission for construction of Route 460. *Brammer*, 2 Va. Cir. at 18. Upon completion of the project, none of plaintiff's land had been used so plaintiff brought a suit for reconveyance in the Circuit Court of the City of Roanoke. *Id.* When the action was filed, the only court authorized under Virginia Code § 8-38 to entertain such suits involving property held by the Commonwealth was the Circuit Court of the City of Richmond. *Id.* Thus, the action was transferred to Richmond. After the transfer, the law regarding venue in such cases was no longer restricted to Richmond. *Id.* Under Virginia Code Section

8.01-261(2), both the sites of the property and the office of the official being sued are "preferred venue." Based on this, plaintiff requested and was granted a transfer of venue. *Id.*

The court's decision to grant plaintiff's motion in *Brammer* rested on the fact that the statute which initially required the case be transferred to Richmond was changed during the suit and also the fact that the plaintiffs were acting as *de facto* defendants because initially he had filed suit where the land was located, then the Commissioner requested and was granted a transfer to Richmond, and then plaintiffs requested a transfer back to Roanoke. *Brammer*, 2 Va. Cir. at 19, 20. This Court feels that the application of the *Brammer* case should be limited by its facts.

This Court finds that the language in Virginia Code Section 8.01-265 and the facts in this case to be controlling. Virginia Code § 8.01-265 states that the court may, upon motion by *any defendant* and for good cause shown, transfer the action. It does not acknowledge or provide for a transfer at the plaintiff's request. Furthermore, the plaintiff in this case, after selecting Chesterfield Circuit Court as the forum for its suit, is now requesting this Court to transfer the case to Richmond. Where a plaintiff, through filing, exercised the opportunity to select the forum, this Court does not feel that it should then allow the plaintiff to transfer from the venue plaintiff selected unless there is some extenuating circumstance as in the *Brammer* case.

Plaintiff has argued that there are extenuating circumstances in this case which would bring it within the scope of *Brammer*, but this Court does not agree. Plaintiff initially filed suit in Chesterfield County Circuit Court and then took a nonsuit. Plaintiff then refiled the suit pursuant to Virginia Code § 8.01-380. Plaintiff argues that in this case, § 8.01-380 only allows refiling in the Circuit Court where the action was originally filed, and hence, plaintiff's request for transfer of venue should be granted.

Virginia Code § 8.01-380 reads as follows:

> [A]fter a nonsuit no new proceeding on the same cause of action shall be had in any court

other than that in which the nonsuit was taken unless the court is without jurisdiction or not a proper venue or other good cause is shown for proceeding in another court, or when such new proceeding is instituted in a federal court . . . .

This Court does not feel that § 8.01-380 precludes this plaintiff from refiling in Richmond if a showing of good cause was made before the Richmond Court. Thus, the Court does not feel that these circumstances bring this case within the scope of *Brammer*.