## 1587

Pennie B. SHAW, Appellant v. Joseph M. HUGHES, Respondent.
(400 S.E. (2d) 501)

Court of Appeals

*Robert C. Ray*, Greenville, *for appellant.*

*Henry S. Sullivan, III, Leatherwood, Walker, Todd & Mann*, Greenville, *for respondent.*

Heard Dec. 5, 1990.

Decided Jan. 7, 1991.

GOOLSBY, Judge:

Pennie Hughes Shaw appeals the dismissal of her action against Joseph M. Hughes, her former husband and a resident of Georgia, for malicious prosecution and enforcement of a restraining order issued by a Florida family court. The trial court quashed the service of process on Mr. Hughes and dismissed the action for lack of jurisdiction over Mr. Hughes' person. We affirm.

A 1985 Florida decree dissolving the parties' marriage and apportioning their marital property awarded Mr. Hughes a gun collection. Mr. Hughes kept the collection, which consists of twelve guns, in Edgefield, South Carolina, at the home of Mrs. Shaw's father, an amateur gunsmith. After Mrs. Shaw failed, as ordered, to surrender the guns to Mr. Hughes, he filed two motions for contempt in Florida in an effort to obtain their possession. Although both actions resulted in orders requiring Mrs. Shaw either to deliver the guns to Mr. Hughes or to assist him in obtaining them, Mr. Hughes never got them. Mr. Hughes made a third attempt to obtain his guns when he counterclaimed for them in a partition action filed by Mrs. Shaw in Georgia.

In 1988, and during the pendency of the Georgia action, Mrs. Shaw contacted Mr. Hughes' attorney and informed him that, if Mr. Hughes would come to her home in Greenville, South Carolina, she would make the guns available to him. When Mr. Hughes, along with his attorney, got to Mrs. Shaw's home, a man immediately served Mr. Hughes with the summons and complaint in this action and Mrs. Shaw's husband proffered Mr. Hughes twelve guns Mrs. Shaw had purchased at a Greenville pawn shop for $400. Mrs. Shaw never told Mr. Hughes' attorney that she intended to serve Mr. Hughes with the summons and complaint when he came to pick up the guns.

I.

We affirm the trial court's dismissal of Mrs. Shaw's action based on its finding that the service of process in Greenville, South Carolina, upon Mr. Hughes, a non-

resident, was procured by fraud and trickery. A party cannot validly serve a nonresident with process where the party induced the nonresident to travel to the forum state for the purpose of settling a controversy, unless the party clearly indicated to the nonresident the party intended also to serve the nonresident with process at that time. *Citrexsa, S.A. v. Landsman*, 528 So. (2d) 517 (Fla. Dist. Ct. App. 1988); *Mallin v. Sunshine Kitchens, Inc.*, 314 So. (2d) 203 (Fla. Dist. Ct. App. 1975), *cert. denied*, 330 So. (2d) 22 (1976); *Coyne v. Grupo Industrial Trieme S.A. De C.V.*, 105 F.R.D. 627 (D.D.C. 1985); 62 Am. Jur. (2d) *Process* § 52 at 783-84 (1990); 72 C.J.S. *Process* § 47 at 633 (1987).

## II.

Because the service of process on Mr. Hughes proved invalid due to the improper means employed by Mrs. Shaw to accomplish it, the court did not acquire jurisdiction over Mr. Hughes. *See Yarbrough v. Collins*, 290 S.C. 76, 348 S.E. (2d) 194 (Ct. App. 1986), *rev'd on other grounds*, 293 S.C. 290, 360 S.E. (2d) 300 (1987) (a defect in the service of process by publication is jurisdictional); *Durham Fertilizer Co. v. Marshburn*, 122 N.C. 411, 29 S.E. 411 (1898) (the court had no jurisdiction over the defendants where the summons was improperly issued and served); 62B Am. Jur. (2d) *Process* § 112 at 828 (1990) (a court does not acquire jurisdiction where the service is insufficient and unauthorized by law). We need not address, therefore, the issue relating to whether the court lacked jurisdiction over the person of Mr. Hughes under this state's long-arm statute, S.C. Code Ann. § 36-2-803 (1976). *See Knight v. Fidelity & Casualty Co. of N.Y.*, 184 S.C. 362, 192 S.E. 558 (1937) (Supreme Court's conclusion that the trial court did not have jurisdiction of the action rendered academic the appellant's other exceptions); *H.J. Baker & Bro. v. Doe*, 88 S.C. 69, 70 S.E. 431 (1911) (where defendant appealed one order refusing to vacate an attachment and another order refusing to set aside the service of summons and the court sustained an exception that raised a jurisdictional question, the other exceptions were not properly before the court).

Affirmed.

GARDNER, J., and LITTLEJOHN, Acting Judge, concur.