# CIRCUIT COURT OF THE CITY OF NORFOLK

Carol A. Taylor,
Administratrix and
Personal Representative
of the Estate of
Daniel K. Taylor, Deceased

v.

Commonwealth of Virginia,
Elfren A. Quitiquit, and
Greensville Memorial Hospital

May 11, 1994

Case No. L93-3525

BY JUDGE JEROME JAMES

The plaintiff, Carol Taylor, filed her Motion for Judgment in the Norfolk Circuit Court on October 4, 1993. She is the administratrix of the estate of her deceased husband, Daniel Taylor, and she resides in Norfolk, Virginia. Ms. Taylor alleges that as a result of the negligence and gross negligence of Dr. Quitiquit, the personnel of Greensville Memorial Hospital, and the personnel of Greensville Correctional Center, her husband suffered injuries that caused his death. Ms. Taylor alleges further that the Commonwealth of Virginia is liable under the Virginia Tort Claims Act for the negligence of its employees in the Department of Corrections.

This matter comes before the Court on the defendants' Objection to Venue and Motion to Transfer. The defendants jointly concede that venue is property laid in the City of Norfolk under § 8.01-261 of the Virginia Code, and their objection is accordingly overruled. The sole issue before the Court, therefore, is whether the defendants' motion for transfer of venue to Greensville County should be granted on the grounds of *forum non conveniens*. All parties have waived further oral argument and agree

that the Court's ruling will be based upon the previous oral arguments and the briefs submitted to the Court.

I. *The Validity of a Transfer from One Preferred Venue to Another*

Because the plaintiff has alleged an action under the Virginia Tort Claims Act, § 8.01-261 of the Virginia Code provides the following concerning venue:

> In the actions listed in this section, the forums enumerated shall be deemed preferred places of venue and may be referred to as "Category A" in this title. Venue laid in any other forum shall be subject to objection; however, if more than one preferred place of venue applies, any such place shall be a proper forum. The following forums are designated as places of preferred venue for the action specified . . . .
>
> 18. In actions under the Virginia Tort Claims Act, Article 18.1 (§ 8.01-195.1 et seq.) of Chapter 3 of this title:
>
> a. The county or city where the claimant resides;
>
> b. The county or city where the act or omission complained of occurred; or
>
> c. If the claimant resides outside the Commonwealth and the act or omission complained of occurred outside the Commonwealth, the City of Richmond.

Va. Code Ann. § 8.01-261 (Michie 1993). The claimant has brought the action in Norfolk where she resides and has thus selected a proper preferred place of venue under the statute.

The defendants assert, however, that the doctrine of *forum non conveniens* in § 8.01-265 allows the court to transfer an action from one preferred place of venue to another where there is good cause shown. *See, e.g., Shoemaker v. Commonwealth*, 4 Va. Cir. 176 (1984) (necessary good cause shown for transfer to another preferred venue under Virginia Tort Claims Act). This section provides as follows, in pertinent part:

> In addition to the provisions of § 8.01-264 and notwithstanding the provisions of §§ 8.01-195.4, 8.01-260, 8.01-261 and 8.01-262, the court, wherein an action is commenced, may, upon motion by any defendant and for good cause shown . . . . (ii) transfer the action to any fair and convenient forum having jurisdiction within the Commonwealth. Such conditions as the court deems appropriate shall include, but not be limited to, a

requirement that the defendant agree not to assert the statute of limitations as a defense if the action is brought in a more convenient forum within a time specified by the court. The court, on motion of a plaintiff and for good cause shown, may retain the action for trial. Except by agreement of all parties, no action enumerated in Category A, § 8.01-261, shall be transferred to or retained by a forum not enumerated in such category. Good cause shall be deemed to include, but not to be limited to, the agreement of the parties or the avoidance of substantial inconvenience to the parties or the witnesses . . . .

Va. Code Ann. § 8.01-265 (Michie 1993). The decision of the court in transferring or refusing to transfer an action under § 8.01-265 is within the sound discretion of the trial judge. Va. Code Ann. § 8.01-267 (Michie 1993); *Faison v. Hudson*, 243 Va. 413 (1992). *See also, Brammer v. State Highway Comm'r*, 2 Va. Cir. 18 (1980) (judge's choice of preferred venue from those established by statute is matter for his discretion).

The defendants ask that the venue be transferred to Greensville County, the county where the acts complained of occurred. Greensville County clearly qualifies as a preferred place of venue under § 8.01-261, and the agreement of all parties is not required where an action enumerated in Category A is transferred to another forum enumerated in that category. *See* Va. Code Ann. §§ 8.01-261(18)(b), 8.01-265 (Michie 1993). The defendants' motion for a change of venue should be granted, therefore, if they can show the avoidance of substantial inconvenience to the parties or witnesses.

Several apparent inconsistencies in the statutes and their accompanying revisers' notes should be addressed, however, before this matter is finally resolved. Section 8.01-263, for example, provides as follows:

In actions involving multiple parties, venue shall not be subject to objection:

1. If one or more of the parties is entitled to preferred venue and such action is commenced in any such forum, provided that in any action where there are one or more residents and one or more nonresidents or parties unknown, venue shall be proper (preferred or permissible, as the case may be) as to at least one resident defendant;

2. In all other cases, if the venue is proper as to any party.

Va. Code Ann. § 8.01-263 (Michie 1993). This statute declares that a party may not object to a place of venue as *improper* when the aforementioned conditions are met. There is no language that prohibits a motion on the grounds of *forum non conveniens* when an action has been commenced in an appropriate preferred venue; an "inconvenient" venue is not necessarily an "improper" venue. In addressing this issue, the Virginia Supreme Court stated:

> [T]he Virginia General Assembly has incorporated the doctrine of *forum non conveniens* into the Virginia venue statutes by stating specifically that those statutes are intended to allow actions to be tried in courts which are "convenient to the parties and witnesses." Code § 8.01-257. A case properly filed in one court may be transferred to another "fair and convenient forum" on a showing of good cause. Code § 8.01-265 . . . .
>
> The trial court may have misunderstood the conditions under which *forum non conveniens* is to be applied. In explaining its denial of the motion to transfer re-urged after the verdict, the court in its opinion letter stated, "While the Court is respectful of the concept of *forum non conveniens*, it should not be used to defeat plaintiff's choice of forum where the same is proper." Application of the doctrine of *forum non conveniens* presumes that the plaintiff's original choice of forum is proper. If the choice is not proper, the action must be transferred. It is precisely the doctrine of *forum non conveniens* which authorizes a transfer from one appropriate or proper forum to another appropriate forum.

*Norfolk and Western Ry. Co. v. Williams*, 239 Va. 390, 392-93, 396 note (1990) (decided prior to 1991 amendments). This opinion leaves no doubt that an action which is filed in a proper venue under § 8.01-263 may still be transferred under the authority granted in § 8.01-265.

Unfortunately, the revisers' note to § 8.01-263 provides an erroneous and misleading interpretation of the statute. It states as follows, in pertinent part:

> [B]y subsection 1, where any party is entitled to a preferred forum under § 8.01-261, venue will not be transferred pursuant to §§ 8.01-264, 8.01-265, if the action is commenced in a preferred forum to which any other party is entitled pursuant to § 8.01-261.

Va. Code Ann. § 8.01-263 note (Michie 1993). This analysis contradicts the clear meaning of the statute by adding extraneous language concerning the transfer of actions under § 8.01-265. Section 8.01-263 should not be interpreted in a manner that would nullify the purpose of § 8.01-265. *See, e.g., Blue v. Virginia State Bar*, 222 Va. 357 (1981) (where possible, statute is to be construed so as to harmonize it with other statutes). If the revisers' note were accurate, actions with multiple parties, which were brought in a preferred place of venue, would *never* be subject to a change of venue under the *forum non conveniens* doctrine. The revisers' note should be disregarded, and the Court should refer only to the plain language of the statute. *Smith v. Richmond Memorial Hosp.*, 243 Va. 445 (1992) (court need not resort to rules of statutory construction where language of statute is plain and unambiguous), *cert. denied*, ____ U.S. ___, 113 S. Ct. 442 (1992); *Barr v. Town & Country Properties*, 240 Va. 292 (1990) (where words of statute are clear and literal construction does not involve manifest absurdity, court cannot hold that legislature did not mean what it has actually expressed).

The revisers' note to § 8.01-265 is also inaccurate in its interpretation. This note provides as follows, in pertinent part:

> [I]f the venue is preferred and is properly laid under § 8.01-261, the court may transfer the case only upon agreement of all parties.

Va. Code Ann. § 8.01-265 note (Michie 1993). The above sentence is correct only in reference to those instances where the action is to be transferred to a nonpreferred venue. Again, the revisers' note should be disregarded, and this Court will refer only to the plain language of the statute. *See* Va. Code Ann. § 8.01-265 (Michie 1993) (transfer from preferred venue requires agreement solely where requested forum is not also enumerated in Category A).

## II. *The Applicability of the Forum Non Conveniens Provision*

Section 8.01-265 will be applied where the trial court is presented with sufficient evidence that an action maintained in the present venue will result in substantial inconvenience to the parties and witnesses. Furthermore:

> [c]ircumstances ordinarily considered in motions to transfer on the basis of *forum non conveniens* include relative ease of access to sources of proof; availability of compulsory process for atten-

dance of unwilling, and the cost of obtaining willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Williams*, 239 Va. at 393 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

In the present action, it appears that the parties and witnesses would suffer substantial inconvenience if the case were retained in the Circuit Court of Norfolk. Dr. Quitiquit's medical practice and Greensville Memorial Hospital are located in Emporia, Virginia, in Greensville County. In response to the plaintiff's interrogatories, Greensville Memorial Hospital identified over thirty potential witnesses who still reside near the hospital. The Commonwealth identified approximately forty employees of Greensville Correctional Center (which is also located in Greensville County) who may be required to testify. Furthermore, because all of the alleged acts of negligence occurred in Greensville County, the access to any sources of proof will be better facilitated from the circuit court in that county.

This Court finds that the defendants have shown that substantial inconvenience to the parties and witnesses will result if the action remains in the Circuit Court of Norfolk. The defendants' Motion for Transfer will be granted accordingly.