## CIRCUIT COURT OF STAFFORD COUNTY

Donna R. Hemphill

v.

Rodney J. Hemphill

October 24, 1994

Case No. (Chancery) 93000526

BY JUDGE JAMES W. HALEY, JR.

The issue here for resolution, apparently one of first impression, is whether the court may order a party to pay for the cost of a pension survivor annuity in addition to an award of 50% of the pension itself.

Code § 20-107.3(G)(1) limits an award of an interest in a pension to "fifty percent of the marital share of the cash benefits actually received . . . ."

Code § 20-107.3(G)(2) authorizes a court to require a party "to designate a spouse or former spouse as irrevocable beneficiary . . . of any survivor benefit . . . . The court, in its discretion, shall determine as between the parties, who shall bear the costs of maintaining such plan."

Husband estimates that the cost of a pension survivor annuity will be approximately $100 per month and that that cost, in addition to an award of 50% of his pension, violates the restriction set forth in Code § 20-107.3(G)(1) quoted above.

To accept Husband's argument is to construe the statutory language as conflicting, in violation of the rules of statutory construction. In *Albemarle County v. Marshall, Clerk*, 215 Va. 756, 761, 214 S.E.2d 146, 150 (1975), the Supreme Court stated "If apparently conflicting statutes can be harmonized and effect given to both of them, they will be so construed. *Standard Drug v. General Electric*, 202 Va. 367, 378-79, 117 S.E.2d 289, 297 (1960)."

It is presumed that the General Assembly does not enact irreconcilable provisions in statutes and accordingly they are to be construed "in a way that gives full effect to all the statutory language." *County of Greensville*

*v. City of Emporia,* 245 Va. 143, 149, 427 S.E.2d 352, 356 (1993). See also *Branch v. Commonwealth,* 14 Va. App. 836, 839, 419 S.E.2d 422, 425 (1992); *Blue v. Virginia State Bar ex rel. First District Committee,* 222 Va. 357, 359, 282 S.E.2d 6, 8 (1981).

Following these rules of construction, the court holds that Code § 20-107.3(G)(2) authorizes a requirement that a party "bear the costs of maintaining" a pension survivor annuity even though the costs of so doing, when added to a percentage award of the pension, total a figure in excess of 50% of the retirement benefits. In short, Code § 20-107.3(G)(1) and (2) are separate, distinct and compatible grants of authority.

Accordingly, Husband's exception to the Commissioner's recommendation on this point is overruled.

Husband further excepts to the award of costs and attorney's fees incurred as of the date of filing of the Commissioner's report. The court has considered and approves the Commissioner's recommendation as to both. Wife is awarded $2,000.00 attorney's fees. Husband shall pay the $2,000.00 balance of the Commissioner's fee.

In *Lassen v. Lassen,* 8 Va. App. 502, 511, 383 S.E.2d 471, 476 (1989), the court stated "An award of attorney's fees is a matter submitted to the trial court's discretion and is reviewable on appeal only for an abuse of discretion. *Graves v. Graves,* 4 Va. App. 326, 435, 357 S.E.2d 554, 558 (1987)."

The Commissioner's fee and other costs are to be paid within sixty days of this date and the attorney's fees are to be paid within ninety days of this date.