## CIRCUIT COURT OF FAIRFAX COUNTY

John T. Cannington

    v.

Jodelle G. Cannington

July 6, 1999

Case No. (Chancery) 158636

BY JUDGE LESLIE M. ALDEN

This matter comes before the Court upon the Motion to Oppose Jurisdiction filed by Defendant Jodelle Cannington by special appearance of counsel. At the hearing on June 7, 1999, the Court was asked to determine: (i) whether this Court has, through personal service on the non-resident Defendant in state, obtained *in personam* jurisdiction over the Defendant; and (ii) whether this Court has jurisdiction to decide issues of child custody, spousal support, and equitable distribution of marital property.

For the reasons set forth herein, the Court concludes that: (i) this Court has obtained *in personam* jurisdiction over Defendant; (ii) personal service on Defendant in Virginia was not obtained through trickery or fraud; (iii) this Court has jurisdiction to decide all issues related to the litigation; and (iv) the laws of the Commonwealth of Virginia shall be applied in this case. Accordingly, Defendant's Motion to Oppose Jurisdiction is denied.

### I. *Factual Background*

John Cannington, Complainant, and Defendant were married in Houston, Texas, on June 18, 1988. In 1995, the couple purchased a house in Maryland and maintained this house as their marital residence until the couple separated in July, 1996. Since the separation, Complainant has resided in Reston,

Virginia. At the hearing, Defendant equivocally questioned the *bona fides* of Complainant's domicile in Virginia. However, upon the evidence adduced, this Court concludes that Complainant was a resident and domiciliary of Virginia for the six months preceding the filing of this suit. Defendant has continued to reside in the marital home in Maryland with the couple's minor son.

On March 13, 1999, Defendant was personally served in the Commonwealth of Virginia with a Bill of Complaint for Divorce as she stepped out of a car at Dulles Airport ("Dulles"). Defendant was scheduled to travel on a flight from Dulles to Houston, Texas. Complainant made the travel arrangements for Defendant's flight. Defendant asks this Court to decline jurisdiction over her person, asserting that Complainant used fraud and trickery to lure her into Virginia for the purpose of having her served with process.

## II. *Argument*

### A. *Virginia Has in Personam Jurisdiction over the Defendant*

Defendant contends that in order for a state to obtain *in personam* jurisdiction over a nonresident defendant, the defendant must have some minimum contacts with the state. See, *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). However, where the Defendant is personally served while in the Commonwealth of Virginia, that action is sufficient to confer over her the jurisdiction of the Court. The United States Supreme Court has held that nothing in *International Shoe Co. v. Washington*, or subsequent cases, "support[s] the proposition that physical presence is itself insufficient to establish jurisdiction." See, *Burnham v. Super. Ct. Cal.*, 495 U.S. 604 (1990). Although a "defendant's litigation-related minimum contacts" may be used to establish jurisdiction when the defendant has no physical presence in the state, these contacts are not required when the defendant is physically present. *Id.* at 619. Moreover, the Court reiterated the firmly-established principle of personal jurisdiction that courts of a state have jurisdiction over nonresidents who are physically present in the state, and personal service on a nonresident defendant who is present in the state does not offend "traditional notions of fair play and substantial justice." *Id.* at 622. Consequently, service of process on the Defendant while she was present in Virginia, of her own volition, was sufficient for the state to obtain *in personam* jurisdiction over her. Virginia's "long-arm statute," Va. Code Ann. § 8.01-328.1, is not implicated in this case.

Personal service was obtained on the Defendant while she was present in the state.

B. *Personal Service on the Defendant Was Not Obtained through Fraud or Trickery*

Defendant alleges that personal service of process on her in Virginia is invalid because Complainant used fraud and trickery to induce Defendant to come into the state. Defendant contends that her presence in the state, when she accepted the travel arrangements made for her by Complainant to fly out of Dulles, was fraudulently induced. Defendant maintains that Complainant, armed with the exact time she would be at the airport, took advantage of the arrangement and had process served on her at that time.

However, the evidence presented during her testimony on June 7, 1999, does not support these contentions. The evidence showed that: (i) Defendant decided to fly to Houston and asked Complainant to make arrangements for her to do so; (ii) Complainant had paid for flights or used his frequent flyer miles for Defendant in the past; (iii) Complainant arranged and paid for Defendant's flight from Dulles to Houston on at least one prior occasion; (iv) Complainant arranged for Defendant's Dulles transportation on at least one prior occasion; (v) Defendant has visited Virginia on several occasions to conduct personal business and to leave her son with Complainant's parents; and most importantly, (vi) Defendant would have driven to Fredericksburg, Virginia, to leave her son with his grandparents on March 12, 1999, had she made different travel plans. In light of this testimony, Defendant's presence in Virginia was neither contrived nor unusual, and neither fraud nor trickery was used to cause her to be present in the Commonwealth of Virginia.

Defendant relies on *Tickle v. Barton* and *Shaw v. Hughes*, two cases in which the court declined to exercise jurisdiction over the nonresident defendant, to support her claim of trickery. See, *Tickle v. Barton*, 142 W. Va. 188, 95 S.E.2d 427 (1956), and *Shaw v. Hughes*, 303 S.C. 337, 400 S.E.2d 501 (1991). However, these cases are inapposite. In *Tickle*, the plaintiff's attorney telephoned the defendant and invited him to attend a high school banquet in West Virginia, without disclosing his identity or his purpose. The defendant would not have traveled to West Virginia but for the bogus invitation. *Tickle* at 433. By similar contrivance, the plaintiff in *Shaw* telephoned the defendant's attorney and informed him that the defendant could retrieve his gun collection if he came to the plaintiff's home in Greenville, South Carolina. At that time, plaintiff was in contempt of a Florida court order to release the guns into the defendant's possession. The defendant,

who was served when he and his attorney arrived at the plaintiff's house, had no other business to conduct in South Carolina and would not have traveled there for the artifice of the plaintiff. *Shaw* at 501.

Here, Defendant's testimony established not only that she traveled to Virginia regularly to conduct personal business and for other reasons, but that she had planned to visit Virginia the same weekend that process was served on her by Complainant. Hence, her presence in Virginia was not *induced* by the Complainant.

## C. *Forum Non Conveniens Is Not Invoked*

The doctrine of forum non conveniens enables a state court to refer a controversy to a forum where it may be more conveniently litigated. See, *Taylor v. Commonwealth*, 34 Va. Cir. 73 (1994). In this case, however, the state does have a legitimate interest in the outcome of the litigation as it concerns the personal and financial interests of one of its residents. Moreover, the litigation in Virginia presents no special burden to the Commonwealth that it might seek to avoid in an effort to use the Court's resources most efficiently. Thus, Defendant's claim that the case should be transferred to Maryland is without merit.

## D. *This Court Has Jurisdiction to Decide Other Issues Arising out of the Litigation*

Once the Court has established *in personam* jurisdiction over both parties, the Court has jurisdiction to decide all issues of spousal support and equitable distribution of marital property (see, *Gibson v. Gibson*, 5 Va. App. 426 (1988), and *Henes v. Henes*, 8 Va. Cir. 159 (1986)), provided that either party to the divorce has made a request of the court to make such an award. Va. Code Ann. § 20-107.3; see also, *Parra v. Parra*, 1 Va. App. 118 (1985). As Complainant has made such a request, the Court is empowered to decide issues of spousal support and equitable distribution of marital property.

Additionally, this Court has jurisdiction to determine the issue of child custody. Section 20-126(2) of the Virginia Code grants a court in this Commonwealth jurisdiction to decide child custody if (i) the child and at least one parent has significant connections with the state, and (ii) there is substantial evidence regarding the child's "present or future care, protection, training and personal relationships." As Virginia is the domicile of the Complainant, the child's father, and of the Complainant's parents, the child's grandparents with whom the child visits often, the "significant connections"

requirement under subsection 2(i) is satisfied for both the parent and the child in this case. As to subsection 2(ii), there is no dispute that (i) Complainant and the child enjoy a strong personal relationship and (ii) Complainant is the primary source of financial support for the child and the Defendant, which invokes the concern of this Court as to the child's future care. As these requirements have been satisfied, this Court has jurisdiction over the issue of child custody. Although the Court's jurisdiction over the issue of child custody is clear, this Court makes no decision at this time as to whether Maryland courts also have an interest in the matter.

E. *Virginia Law Applies to Issues of Spousal Support and Equitable Distribution*

Defendant argues that this Court must apply Maryland law when deciding the issues of spousal support and equitable distribution of marital property because Maryland is the state of domicile of the nonresident defendant. Defendant's reliance on *Gibson v. Gibson*, however, to support this assertion is misguided. The Court in *Gibson* held that any decision made by an out-of-state court that affected the "personal rights of support and property must be founded on *in personam* jurisdiction." *Gibson v. Gibson*, 5 Va. App. 426 at 434. *Gibson* involved an *ex parte* divorce action for which the nonresident defendant had not been given notice. Because the case before this Court does not involved an *ex parte* divorce and Defendant was personally served in the state, giving her an opportunity to appear and litigate the personal issues, the Divisible Divorce doctrine referred to in Defendant's brief does not apply.

As this Court has clearly acquired *in personam* jurisdiction over Defendant, Virginia laws apply.

III. *Conclusion*

For the reasons stated above, the Court finds that Virginia does have *in personam* jurisdiction over the Defendant and is a proper forum for deciding all issues before it related to this litigation. Accordingly, the Motion to Oppose Jurisdiction is denied, and Defendant is to file responsive pleadings within fourteen days of this date.