NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

BANK OF AMERICA, N.A., *Plaintiff/Appellee*,

*v.*

LEGRETTA F. CHEEK, *Defendant/Appellant*.

No. 1 CA-CV 20-0097
FILED 5-6-2021

Appeal from the Superior Court in Maricopa County
No. CV2018-056884
The Honorable Theodore Campagnolo, Judge

**AFFIRMED**

COUNSEL

Gurstel Law Firm, Scottsdale
By Jesse H. Walker
*Counsel for Plaintiff/Appellee*

LeGretta F. Cheek, Indian Trail, North Carolina
*Defendant/Appellant*

_____

## MEMORANDUM DECISION

Chief Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Kent E. Cattani and Judge Samuel A. Thumma joined.

_____

**S W A N N**, Chief Judge:

¶1        LeGretta F. Cheek contends that an Arizona superior court's summary judgment for Bank of America, N.A., ("the Bank") was void for lack of personal jurisdiction.  Because the Bank personally served Cheek in Arizona, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        The Bank filed an action against Cheek in the Maricopa County Superior Court based on unpaid credit card debt.  In February 2019, a process server contacted Cheek at a Chandler residence, the address for which the Bank had used for billing and both Cheek and the Bank had used when exchanging pre-litigation correspondence (with Cheek prefacing the address with "c/o" in her February 2019 letter).  The process server spoke to Cheek through the rolled-down window of a car when he observed her backing out of the residence's garage.  He confirmed Cheek's identity, identified himself as a process server, and informed her that he had legal documents for her.  Cheek responded that she could not accept the documents, and she rolled up her window.  The process server announced in a loud, clear voice that he would drop the documents by her front door. He then did so.

¶3        In March 2019, Cheek (again using the Chandler address prefaced by "c/o") filed a motion to dismiss.  She contended that she was not a permanent resident of Arizona; legally resided in North Carolina, where she owned a house and held a driver's license; and "was served [the] complaint in an improper manner and venue, in which [the] summons was place[d] on steps of [her] non-permanent residen[ce]" in violation of Ariz. R. Civ. P. ("Rule") 4.1.  The superior court denied Cheek's motion.

¶4        Cheek filed an answer, in which she again asserted that she was not an Arizona resident and was improperly served.  In July 2019, she also separately filed a notice of change of address that identified a North Carolina address.

¶5          The Bank moved for summary judgment.  Cheek filed a second motion to dismiss reiterating her argument that the superior court lacked jurisdiction, but she did not timely respond to the summary judgment motion.  The court granted summary judgment for the Bank and entered a final judgment.  Cheek unsuccessfully moved for relief on the theory that the judgment was void for lack of personal jurisdiction.  Cheek appeals.

## DISCUSSION

¶6          Cheek's sole contention on appeal is that the superior court lacked jurisdiction over her because she was not an Arizona resident.  We review the issue de novo.  *See A. Uberti & C. v. Leonardo*, 181 Ariz. 565, 569 (1995).

¶7          A nonresident is subject to jurisdiction in Arizona if he or she is served with process within Arizona—regardless whether he or she lacks other "minimum contacts" with the state. *Rutherford v. Rutherford*, 193 Ariz. 173, 174, ¶ 7 (App. 1998) (applying *Burnham v. Superior Ct.*, 495 U.S. 604, 610 (1990), which held that "[a]mong the most firmly established principles of personal jurisdiction in American tradition is that the courts of a State have personal jurisdiction over nonresidents who are physically in the State"). Service of process within Arizona may be effected by "delivering a copy of the summons and the pleading to be served to that individual personally." Rule 4.1(d)(1).  A defendant cannot avoid service by refusing to take the documents in hand if a reasonable person would know that personal service is being attempted—in such circumstances, service is completed when the documents are deposited, in the defendant's presence, in a place where they are likely to come into the defendant's possession.  72 C.J.S. Process § 63; *cf. Marks v. LaBerge*, 146 Ariz. 12, 15 (App. 1985) (construing service rule's reference to service at "dwelling house or usual place of abode" liberally where defendant receives actual notice).

¶8          Here, Cheek was validly served in Arizona.  The process server informed her that he was a process server and that he had legal documents for her—and when she refused to accept the documents, he informed her that he was leaving them at the front door of the Arizona residence that she had used in previous correspondence and had just exited via the garage.  On these facts, Cheek's refusal to take the documents in hand did not vitiate the efficacy of the service.  And because Cheek was validly served in Arizona, personal jurisdiction existed in Arizona regardless of her contacts with the state.

**CONCLUSION**

**¶9** The superior court properly exercised personal jurisdiction in this matter. We affirm the judgment. The Bank is entitled to recover its costs upon compliance with ARCAP 21.

